**UNITED STATES of America, Appellee,**

v.

**John L. HANCOCK, Appellant.**

**No. 77–1125.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1977.

Decided June 30, 1977.

Certiorari Denied Oct. 3, 1977.
See 98 S.Ct. 219.

Murray A. Marks, Clayton, Mo., for appellant.

Frederick R. Buckles, Asst. U. S. Atty., St. Louis, Mo., for appellee; Barry A. Short, U. S. Atty., St. Louis, Mo., on brief.

Before LAY and ROSS, Circuit Judges, and Miller, Judge.*

PER CURIAM.

This is a direct appeal from John Hancock's conviction for bank robbery in violation of 18 U.S.C. § 2113(a). We affirm the conviction.

The record reveals the following evidence: On February 17, 1976, at approximately 1:30 p. m., an armed robber entered the Farm and Home Savings and Loan Association in St. Louis, Missouri, and handed the teller, Paula Marqua, a note demanding all her paper money. The note said that the robber had a gun and that someone would get killed if the teller did not cooperate. Marqua gave the money, later determined to be $933, to the robber, who then exited the savings and loan with the money in hand. Marqua saw the robber leave and walk north away from the building. Although she did not get a good look at the robber as he stood before her at the teller window, Marqua stated that she did observe his face as he walked outside the bank. At trial, she could not positively identify Hancock but she testified that she was reasonably certain the defendant was the person who committed the crime.

The robber's jacket was found in a clothing store shortly after the robbery. The robber's gun was found in a pocket of the jacket. Both articles were identified at trial by Ms. Marqua.

The jacket was connected to Hancock by Edna Thornton, who was living with Hancock at the time of the robbery. She testified that Hancock left home in the morning hours of February 17, 1976, wearing the

* JACK R. MILLER, Judge, United States Court of Customs and Patent Appeals, sitting by designation.

jacket identified by Marqua, but that he returned later in the day without the jacket. She also testified that Hancock had a large amount of money when he returned on the day of the robbery. Thornton estimated that Hancock had approximately $935 in his possession when he returned home on the day of the robbery.

Hancock was also connected to the robbery by a handwriting expert. After comparing a handwriting sample of Hancock and the demand note presented by the robber, William Farrell, an FBI documents examiner, testified that both were written by the same person. An FBI fingerprint specialist identified a fingerprint on the handwriting sample as that of appellant.

During the course of the investigation of the robbery, Agent Patrick of the FBI exhibited seven groups of photos (approximately 30 photos in all) to Ms. Marqua in an effort to identify the robber. Only the last of the seven groups contained a photo of the defendant. Marqua picked Hancock's photo out of the last group, saying that she was reasonably sure he was the robber.

Before trial, the defendant moved to suppress Ms. Marqua's in-court identification as well as any testimony concerning her out-of-court identification of the defendant on the ground that the photo display was suggestive and created the substantial likelihood of misidentification. The district court denied the motion.

Hancock's principal contention on this appeal is that the district court erred in denying his motion to suppress Ms. Marqua's in-court and out-of-court identification. We cannot agree.

■ In *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), the Supreme Court stated the governing test:

[W]e hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photograph identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

See also *Neil v. Biggers*, 409 U.S. 188, 196–197, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *United States v. Green*, 525 F.2d 386, 392 (8th Cir. 1975). The evil to be avoided when the government employs a photo display is the likelihood of misidentification, which may be increased by a suggestive photo spread. *Neil v. Biggers, supra,* 409 U.S. at 198, 93 S.Ct. 375.

■ The pretrial photo display in this case was not suggestive. The record shows that Agent Patrick, who supervised the photo display, did not direct Marqua's attention to any particular photo. He did not tell her that anyone had been arrested for the robbery and at no time did he mention any name to her. We emphasize what is not involved in this case. Marqua was not confronted by a photo or series of photos of the suspect alone which oftentimes creates the inevitable impression in the viewer's mind that "this is the man." *Compare Foster v. California*, 394 U.S. 440, 443, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969); *United States v. Dailey*, 524 F.2d 911, 914 (8th Cir. 1975); *Israel v. Odom*, 521 F.2d 1370, 1373–1374 (7th Cir. 1975). She was shown seven groups of photos, only one of which contained Hancock's picture. She viewed approximately thirty photos in all and, with reasonable certainty, picked Hancock out of the last group of photos.[1]

■ The defendant also argues that he was denied a fair trial because his trial

---

1. The defendant notes that before trial, Louis Johnson, the clothing store owner who found the robber's jacket and gun, was shown a group of photos containing a picture of the defendant Hancock. Hancock's picture was larger than the other photos in the spread shown to Johnson. With imaginative logic, the defendant argues that Marqua's identification was influenced by the size of Hancock's photo in comparison to the other photos viewed by her. The evidence shows, however, that Johnson and Marqua viewed different photo displays. We have independently reviewed the final group of photos which Marqua viewed and we find nothing distinctive or the least bit suggestive about the photo of Hancock.

counsel failed to call certain alibi witnesses and expert witnesses. However, the record of the trial proceedings fails to reveal any offer of proof based on a claim of ineffective assistance of counsel and the record is undeveloped on this claim. The defendant discharged his court appointed attorney at the time of sentencing, *effective after sentence was pronounced*, and refused to let the lawyer speak on his behalf at the sentencing. The defendant has not adequately preserved his error in this respect, *cf. United States v. Partee*, 546 F.2d 1322, 1323 (8th Cir. 1976) (per curiam); *United States v. Librach*, 536 F.2d 1228, 1230–1232 (8th Cir. 1976), *cert. denied*, 429 U.S. 939, 97 S.Ct. 354, 50 L.Ed.2d 308 (1976); *United States v. Daly*, 535 F.2d 434, 440 (8th Cir. 1976), and we therefore decline to review this issue.[2]

The judgment of conviction is affirmed.

---

2. Hancock may of course raise this claim on a motion to vacate his sentence under 28 U.S.C. § 2255.