**UNITED STATES of America, Appellee,**

v.

**David DUBRAY, Appellant.**

**No. 83–1879.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1984.

Decided Feb. 17, 1984.

Wayne F. Gilbert, Rapid City, S.D., for appellant.

Philip N. Hogen, U.S. Atty., D.S.D., Ted L. McBride, Asst. U.S. Atty., Rapid City, S.D., for appellee.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

David Dubray appeals from a final judgment entered in the District Court[1] for the District of South Dakota following a jury trial finding him guilty of involuntary manslaughter in violation of 18 U.S.C. §§ 1112 and 1153 (offense committed within Indian country). For reversal appellant alleges ineffective assistance of counsel. We affirm.

In the morning of August 12, 1982, Bill Hanneman was driving a pick-up truck that struck an automobile. After the collision, the automobile travelled through a field and burst into flames. The charred body of a female was found inside the vehicle. Appellant was found lying next to the automobile. The medical evidence demonstrated that appellant had been intoxicated. Shortly before the collision, Kenneth Claussen observed the automobile that was involved in the collision. At trial Claussen identified appellant as the driver of the automobile and testified that a female passenger was also in the vehicle.

On appeal appellant alleges ineffective assistance of counsel based on counsel's alleged failure to interview and call witnesses, to request a cautionary eyewitness instruction, and to object to evidence of other crimes. The government argues that this court should not address appellant's claims of ineffective assistance of counsel on direct appeal because appellant did not present the claims to the district court and the record is undeveloped. We agree. "Claims of ineffective assistance of counsel normally are raised for the first time in collateral proceedings under 28 U.S.C. § 2255.... This is so because normally such a claim cannot be advanced without the development of facts outside the original record." *United States v. Kazni,* 576 F.2d 238, 242 (9th Cir.1978) (citations omitted). Such is the case here. *See, e.g., United States v. Holy Bear,* 624 F.2d 853, 856 (8th Cir.1980); *United States v. Hancock,* 558 F.2d 1300, 1303 (8th Cir.) (per curiam), *cert. denied,* 434 U.S. 872, 98 S.Ct. 219, 54 L.Ed.2d 152 (1977).

Accordingly, we affirm the judgment of conviction.[2]

---

1. The Honorable Andrew W. Bogue, Chief Judge, United States District Court for the District of South Dakota.

2. This is, of course, without prejudice to appellant raising his ineffective assistance of counsel claims in a 28 U.S.C. § 2255 proceeding.