UNITED STATES of America, Appellee,

v.

Jens Roger OLSON, Appellant.

No. 83–1897.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1983.
Decided March 29, 1984.

Daniel M. Scott, Federal Public Defender, D. Minn., Minneapolis, Minn., Gert L. Napuck, Legal Intern, for appellant.

James M. Rosenbaum, U.S. Atty., John M. Lee, Asst. U.S. Atty., D. Minn., Minneapolis, Minn., Steven E. Rolsch, Legal Intern, for appellee.

Before HEANEY, ROSS and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Jens Roger Olson appeals from his conviction on two counts of passing and uttering counterfeit money in violation of 18 U.S.C. § 472. This panel previously reversed Olson's first conviction on three counts of the same offense and remanded the case for a new trial after concluding that the district court improperly refused to grant Olson a continuance to consider exculpatory evidence that was untimely disclosed by the prosecution. *United States v. Olson*, 697 F.2d 273 (8th Cir.1983). On appeal, Olson contends that the district court committed error (1) in allowing an agent to testify as to why he did not have the counterfeit bills analyzed for fingerprints and (2) in allowing a witness' in court identification of Olson as the man who passed her one of the bills in question.

Olson initially contends that the district court improperly allowed Secret Service Agent Roger Manthe to testify as to why he did not have the counterfeit bills analyzed for fingerprints. On direct examination, Manthe testified that he found a fingerprint analysis of the bills to be unnecessary because one of the bills Olson attempted to pass was retained by the store clerk at the time of Olson's arrest and in the other two instances the clerks positively identified Olson as the man who passed the bills in question. On recross-examination of Agent Manthe, Olson's counsel stated, "And since you decided that Mr. Olson had passed those other two bills, you didn't send the items in to see if his fingerprints came up on them?" Agent Manthe responded, "No sir." Olson now urges that the agent's testimony amounted to an opinion on his guilt and that it was improperly admitted.

We conclude that Agent Manthe's testimony did not constitute an opinion as to Olson's guilt. Rather, Manthe merely testified as to the facts respecting his investigation and explained to the jury why he found it unnecessary to obtain fingerprint evidence. The district court did not abuse its discretion in admitting the agent's testimony. *United States v. Jones*, 687 F.2d 1265, 1267 (8th Cir.1982).

Olson also contends that a witness' in court identification of him as the man who passed her a counterfeit bill was unconstitutionally tainted by a comment made to the witness during a pretrial photographic display. During the course of his investigation, Secret Service Agent Richard Shanahan interviewed a store clerk to whom a counterfeit bill had been given. Two days later, the agent returned with a photographic spread that included a photograph of Olson without a toupee. He asked the clerk if she could identify any of the men as the person passing the counterfeit bill. After she was unable positively to identify anyone in the spread, the agent removed Olson's photograph and asked, "What about this photograph?" The clerk responded that "[h]is moustache is correct

and the sweater is the type of sweater the individual had on, but he doesn't have enough hair." The agent reassembled the photographic spread and included a photograph of Olson wearing his toupee. When presented with the new photographic spread two days later, the witness, without hesitation, identified Olson as the person who gave her the counterfeit bill.

Convictions based on eyewitness identifications at trial following pretrial identifications by photograph will be set aside if the procedures used were so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). Whether eyewitness identification evidence which ensues from a pretrial identification procedure is constitutionally infirm requires a two-step inquiry. First, it must be determined whether the pretrial identification procedures were suggestive. If so, the second inquiry is whether, considering the totality of the circumstances, the suggestive procedures gave rise to a substantial likelihood of irreparable misidentification. *United States v. Briley*, 726 F.2d 1301, 1306 (8th Cir.1984); *United States v. Amrine*, 724 F.2d 84, 87 (8th Cir.1983). Here, both the magistrate and district court judge ruled that the identification procedures utilized were not suggestive. We agree.

The crux of Olson's argument with respect to the suggestiveness of the photographic spread concerns the agent's comment after the witness failed to identify him in the initial photographic spread. It is asserted that the comment "What about this photograph?" focused the witness' attention on Olson and thereby tainted subsequent identifications. In support of his position, Olson relies heavily on *United States v. Mears*, 614 F.2d 1175 (8th Cir.), *cert. denied*, 446 U.S. 945, 100 S.Ct. 2174, 64 L.Ed.2d 801 (1980), and *United States v. Hancock*, 558 F.2d 1300 (8th Cir.), *cert. denied*, 434 U.S. 872, 98 S.Ct. 219, 54 L.Ed.2d 152 (1977), for the proposition that where an agent directs a witness' attention to a particular photograph there is a strong overtone of suggestiveness.

In this instance, we find it highly unlikely that the agent's question to the witness after her viewing of the first photographic spread led to an improper identification of Olson during the witness' viewing of the second photographic spread. First, it was a neutral inquiry designed to obtain the witness' point of view rather than to intimate to the witness that the photograph was indeed that of the suspect. Second, the witness was not asked to make an identification from the photographic spread after the comment was made. Third, we have carefully reviewed the two photographs used and from all outward appearances they are not the same person. There is a striking dissimilarity between the photographs of Olson wearing and not wearing his toupee.

■ Even if we found the agent's comment to be impermissibly suggestive, we are satisfied that the subsequent identifications were reliable in light of the criteria set forth in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Reliability is the "linchpin." *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977). The witness had ample opportunity to view Olson at the time of the crime. She had a high degree of attention as evidenced by her recognizing a counterfeit bill. Her prior description of Olson was generally accurate. The witness demonstrated a high level of certainty when confronted with a photograph of Olson as he appeared during the crime. Finally, a relatively short period of time, four days, elapsed between the crime and the witness' identification of Olson in the second photographic spread.

For the reasons stated above the judgment of conviction is affirmed.