UNITED STATES of America, Appellee,

v.

Jerry Winford PRUETT, Appellant.

No. 85–1732.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1986.
Decided April 22, 1986.

James Delworth, Asst. Federal Public Defender, St. Louis, Mo., for appellant.

David Rosen, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and ROSS, Circuit Judge.

LAY, Chief Judge.

Jerry Winford Pruett appeals from a jury verdict convicting him of possession of a firearm by a convicted felon in violation of 18 U.S.C.App. § 1202(a)(1) (1982). Pruett cites as error the district court's[1] denial of his pretrial motion for a continuance due to the unforeseen absence of a subpoenaed material witness, Doug Nix. Pruett's counsel requested the continuance on the day of trial, explaining in chambers that Nix would not be appearing at trial because his father had died and Nix was travelling to another state to attend the funeral. The motion was denied for the reason that Nix's testimony was determined by the court to be cumulative. After oral argument on appeal, we remanded the case to the district court for a hearing to determine the materiality of Nix's intended testimony.

Pursuant to our remand, the district court conducted a hearing on February 11, 1986 and issued an order certifying to this court its findings made based upon those proceedings. The district court described Nix's testimony, reaffirmed its earlier conclusion that Nix's testimony was cumulative to the evidence presented to the jury at trial, and found that Pruett was not unfairly prejudiced by the continuance's denial. After review of the entire record, including the district court's findings from the hearing on remand, we now conclude that it was prejudicial error to deny Pruett's motion for a continuance. We reverse and remand to the district court for a new trial.

There is little question that a district court has wide discretion in ruling on motions for continuances, and a court's exercise of that discretion will rarely be overturned. *See United States v. Little,* 567 F.2d 346, 348 (8th Cir.1977), *cert. denied,* 435 U.S. 969, 98 S.Ct. 1608, 56 L.Ed.2d 60 (1978) (citations omitted). This court has previously listed five factors which a trial court should balance in ruling on a motion for a continuance, including the nature of the case, the diligence of the party requesting the continuance, the opposing party's conduct, the effect of the delay on both parties, and the asserted need for the continuance. *United States v. Bernhardt,* 642 F.2d 251, 252 (8th Cir.1981) (per curiam), citing *Little,* 567 F.2d at 348–49. Though no single factor is dispositive in determining whether a continuance is warranted, it is our view that the district court did not properly balance these factors in the context of the record that was before it when its ruling was made, *see United States v. Olson,* 697 F.2d 273, 275 (8th Cir.1983), appeal after remand, 730 F.2d 544 (8th Cir.1984), and that it was an abuse of discretion to deny Pruett's continuance request.

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

The record shows that Pruett's asserted need for the continuance was based on the death of Nix's father immediately before the trial and the materiality of Nix's testimony to Pruett's defense. Sudden exigencies and unforeseen circumstances are facts that militate in favor of a continuance. *Little,* 567 F.2d at 349. Not only do we believe that the death immediately before trial of the parent of one of the defendant's two material witnesses scheduled to testify is a sudden exigency or unforeseen circumstance, but this court has previously recognized that a personal tragedy may be grounds to grant a motion for a continuance. *Cf. Johnson v. Wyrick,* 653 F.2d 1234, 1241 (8th Cir.1981), *cert. denied,* 454 U.S. 1149, 102 S.Ct. 1013, 71 L.Ed.2d 302 (1982) (defense witness should have been available to testify in murder trial on less than a day's notice, barring a personal tragedy). While not dispositive in determining whether a continuance should be granted, we do not believe that this factor is one to be lightly dismissed.

The factor which weighed most heavily in the district court's determination that denial of a continuance was appropriate was whether Nix's testimony was material to Pruett's defense. The record reveals that the success of the government's case against Pruett relied in part on drawing an inference from the presence of a gun on a table in Pruett's apartment to indicate Pruett's dominion and control over that gun sufficient to constitute constructive possession of the weapon. *See* 1 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 16.07 (3d ed. 1977); *Johnson v. United States,* 506 F.2d 640, 642–43 n. 4 (8th Cir.1974), *cert. denied,* 420 U.S. 978, 95 S.Ct. 1404, 43 L.Ed.2d 659 (1975) (elements of constructive possession). Pruett's defense was based on the testimony of two witnesses, Gene Veasey and Nix, who had been at Pruett's apartment the day before the discovery of the gun in Pruett's home. Veasey testified at trial that he owned the gun and that he brought the gun to Pruett's home the day before the gun's discovery pursuant to an earlier discussion between Veasey and Nix, in which Nix had indicated he was considering obtaining a weapon for his wife's use. Nix's intended testimony, as the district court's order indicates, was substantially similar to Veasey's account. Pruett's attorney argued to the district court that Nix's testimony was material because it would corroborate Veasey's version of the facts and enhance the credibility of Pruett's defense against the government's case of constructive possession. We agree.

While it is difficult, if not impossible, to quantify the effect an absent witness's testimony would have had on the jury's deliberations, we note that we are presented here not with the absence of an additional witness when several others have given substantially similar testimony, but with the absence of the only other party to the transaction who could corroborate Veasey's testimony and exculpate Pruett. It is axiomatic that the art of persuasion often turns on the skill of corroboration. Contrary to the district court's evaluation of Nix's intended testimony as cumulative or as mere surplusage to the evidence already presented at trial, we believe that the fact that Nix's testimony tracked Veasey's does not defeat but rather reinforces a finding of materiality. We believe that Nix's testimony was crucial to Pruett's defense, and that it was error for the district court to find that it was not material.

In addition, although there is no allegation that the government's conduct was improper, we also note that there has been no showing by the government that a continuance would have adversely affected the government's prosecution of this case. And although the facts of this case may not appear especially complex, we find that the burden the defendant must shoulder here to rebut the government's constructive possession case when one of two crucial witnesses is unavailable militates in favor of granting an extension of time for trial. Moreover, Pruett's counsel timely informed the court of Nix's absence as soon as he learned of it. We do not believe that under these circumstances a lack of due diligence was demonstrated when

Pruett's counsel did not request the trial court to enforce the subpoena and intercept the witness on the way to his father's funeral, as counsel for the government contends. This is not a case where the district court had already granted one or more continuances at the defendant's request, see, e.g., Bernhardt, 642 F.2d at 252, nor was the motion grounded in defense counsel's own failure to subpoena a potential witness, see, e.g., United States v. DeCoteau, 648 F.2d 1191, 1192 (8th Cir.1981) (per curiam). Rather, Pruett's counsel consistently indicated to the court that Nix's testimony was necessary to corroborate Veasey's account of the facts, a representation that was borne out by Nix's testimony at the remand hearing.

In light of the factors described herein, we find it was an abuse of the district court's discretion to deny defendant's motion for a continuance. The judgment of the district court is reversed, and the case is remanded to the district court for a new trial.[2]

ROSS, Circuit Judge, dissenting.

I respectfully dissent. In my view the majority has ignored the clear import of the record and, in a decision that pays lip service to our prescribed standard of review, substituted its judgment for that of the district court. I take this position for the following two reasons.

First, in my opinion, the majority has reversed the district court's decision based on an assumption not supported by the record. The majority writes: "[t]he record reveals that the success of the government's case against Pruett relied in part on drawing an inference from the presence of a gun on a table in Pruett's apartment to indicate Pruett's dominion and control over that gun sufficient to constitute constructive possession of the weapon." Ante at 1397. I read the record quite differently.

The government's case consisted of the testimony of three witnesses; the two arresting officers and a third officer who testified, without any cross-examination, that the gun in question was operational. Both of the arresting officers testified that Pruett made a statement after he was arrested and after he had been read his Miranda rights. Each officer testified separately that Pruett said he had the gun "because some people were after him." Tr. 12; 21; 30. Upon cross-examination, Pruett's attorney attempted to impeach the officers' testimony on this point, but met with little apparent success. Both officers stated that they had no doubt that Pruett made the statement.

It seems clear to me that the success of the government's case resulted from the evidence of Pruett's own statement, as testified to by both arresting officers. Pruett's statement was the linchpin of the government's case and the credibility of the officers' testimony was the focus of the prosecutor's closing statement. This was not a conviction based only on an inference drawn from finding the gun on a table in Pruett's apartment as suggested by the majority. This was a case built on the testimony of two police officers who swore under oath that Pruett said he had the gun because some people were after him.

Second, I cannot agree with the majority's re-balancing of the Little factors or its conclusion that the district court's denial of Pruett's motion constituted an abuse of discretion. In Little this court advised that "[t]he evaluation and balancing of these factors, as well as other additional factors that may arise, rest with the district judge, and he must be afforded a substantial amount of discretion in his decisionmaking in this area of the law." 567 F.2d at 349. Given this standard of review, I have no trouble concluding that the district court should be affirmed, based upon my review of the record in this case.

At the time the motion was made the district court stated the following:

---

2. Pruett also argues that the district court erred in admitting the testimony of two police officers regarding fingerprint testing and analysis. Because we remand for a new trial on other grounds, we do not address this second alleged error here.

Let's let the record show that the Court has met informally with Counsel in chambers on a pre-trial conference and the Defendant's attorney indicated that he would apply for a continuance for the reason that one of the witnesses subpoenaed by the Defendant has indicated by telephone call this morning to Counsel for the Defendant that his father has just died and that it is necessary that he go to the State of Kentucky for the funeral. The witness was under subpoena, as we understand it, and even though he has had this problem, he is not appearing in Court and is simply telling Counsel that he's not coming. Counsel is unsure at this stage, as the Court understands it, as to when the witness will return to the State of Missouri or whether he's actually gone at this time. We've done some preliminary consideration as to what the testimony of that witness would be and it appears that it might be somewhat cumulative and that possibily [sic] some of that testimony would be corroborated in other ways, in any event.

The Court feels, as a result of this conversation, that the witness is not an indispensable witness to the Defendant and that his testimony in all probability will be covered by that of other witnesses, and for this reason the motion for the continuance will be denied.

Tr. 2–3.

A fair reading of this ruling reflects that the primary basis for the district court's pre-trial decision was its understanding that Nix's testimony would be cumulative. There can be no doubt that this appraisal was correct. The district court's assessment that it would be cumulative is borne out by a review of Veasey's trial testimony and Nix's subsequent testimony at the remand hearing. It is not necessary to repeat their accounts, for even the majority agrees that Nix's intended testimony "was substantially similar to Veasey's account." *Ante* at 1397.

However, the majority proceeds to deem the district court's assessment of Nix's testimony to be prejudicial error; a conclusion I cannot adopt. The majority errs, in my view, by interjecting its own view that this admittedly cumulative testimony was so crucial, and its absence so prejudicial that the denial of the continuance warrants a reversal of Pruett's conviction and a whole new trial. I would be inclined to agree with the majority had Veasey not testified and had the jury not heard the testimony of the two arresting officers regarding Pruett's own statement. But, as I read the record, the jury was presented with the substance of Pruett's defense by way of Veasey's testimony, but chose, instead, to believe the arresting officers' testimony.

For these reasons, I cannot join in a reversal and I would affirm Pruett's conviction in all respects.