UNITED STATES of America, Appellee,

v.

Wilfredo
GALLEGOS–TORRES, Appellant.

No. 87–1409.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1987.
Decided March 7, 1988.

Roman de la Campa, Sioux City, Iowa, for appellant.

John Paul Pendley, Omaha, Neb., for appellee.

Before GIBSON, BOWMAN, and WOLLMAN, Circuit Judges.

BOWMAN, Circuit Judge.

Wilfredo Gallegos–Torres appeals from his felony convictions for violation of 8 U.S.C. § 1326 (re-entry after deportation) and 18 U.S.C. § 1001 (false statements to obtain Social Security card). He contends on appeal that the District Court[1] erred in (1) failing to utilize an interpreter for the trial proceedings and (2) permitting reference to the defendant by different permutations of his name. He also alleges ineffective assistance of counsel. We affirm his convictions.

Gallegos–Torres is a native of El Salvador. He was deported in July 1984 and subsequently reentered the United States in December 1984. In September 1986, he appeared at the Omaha, Nebraska Social Security office and asked for help in completing an application for a replacement card. Social Security personnel became suspicious,[2] made a computer check, and determined that the Social Security number Gallegos–Torres claimed was in fact someone else's number.

A Social Security supervisor alerted the local Immigration and Naturalization Service (INS). An INS agent arrived, questioned Gallegos–Torres, and asked him to accompany the agent back to the INS office. There INS determined that Gallegos–Torres was an alien unlawfully present in the United States.

Prior to Gallegos–Torres's arraignment, the government secured the services of an interpreter. At the arraignment, Gallegos–Torres indicated his ability to speak and understand enough English so that the proceedings could be conducted in that language without simultaneous translation. The interpreter remained present and available, but Gallegos–Torres did not ask her for any assistance.

At the beginning of trial, a record was made of Gallegos–Torres's desire to have the proceedings conducted in English. The interpreter remained at his side throughout the trial, but he never manifested a desire

---

1. The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

2. Gallegos–Torres was unable to provide proper proof of identification and was ambiguous about his personal history.

to have her translate any of the proceedings.

■ Gallegos–Torres now contends that the failure of the trial court *sua sponte* to order simultaneous translation of the proceedings amounted to a denial of his due process rights. The basic inquiry must be whether such failure rendered the trial fundamentally unfair. A defendant who has difficulty with the language has a right to an interpreter. *See Luna v. Black,* 772 F.2d 448 (8th Cir.1985). Here, the government provided an interpreter for Gallegos–Torres. The interpreter was present with him throughout the trial. We need not consider the effect of Gallegos–Torres's apparent waiver, at the beginning of his trial, of simultaneous translation, since even absent such a waiver the lack of simultaneous translation does not call the fairness of the trial into question unless the record at least hints that Gallegos–Torres had some difficulty in coping with the proceedings because of language barriers. If he understood the proceedings and had no difficulty in communicating, the trial court's failure *sua sponte* to order simultaneous translation of the proceedings could not have rendered the trial unfair.

■ We have carefully reviewed the record. It does not in any way suggest that Gallegos–Torres is unable to communicate effectively in English.[3] The District Court's failure *sua sponte* to order simultaneous translation of the proceedings did not, in these circumstances, violate Gallegos–Torres's right to a fair trial. Nor is there any due process violation in Gallegos–Torres's volitional non-use of the interpreter who was appointed to assist him and who was present throughout the trial.

■ The remainder of Gallegos–Torres's contentions may be dealt with summarily. Apparently some confusion arose at trial concerning the correct form of Gallegos–Torres's surname.[4] He argues that the occasional mangling of his name was demeaning and amounted to a denial of due process. "In order to establish a denial of due process the petitioner must prove that the asserted error was so 'gross' ... 'conspicuously prejudicial' ... or otherwise of such magnitude that it fatally infected the trial and failed to afford petitioner the fundamental fairness which is the essence of due process." *Maggitt v. Wyrick,* 533 F.2d 383, 385 (8th Cir.), *cert. denied,* 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976) (citations omitted). In the present case, the variations in nomenclature that occurred during the trial were inadvertent, and we cannot say that they were "gross," "conspicuously prejudicial," or of such magnitude that they violated fundamental fairness. Although it is regrettable that the participants in the trial did not always get Gallegos–Torres's name right, we are convinced that this did not deny him a fair trial.

■ Gallegos–Torres's final contention is ineffective assistance of counsel based on counsel's failure to collaterally attack Gallegos–Torres's previous deportation, which was a necessary predicate for the § 1326 charge. This issue, however, may not be raised initially on the direct appeal of a conviction. *United States v. Dubray,* 727 F.2d 771, 772 (8th Cir.1984). "Claims of ineffective assistance of counsel normally are raised for the first time in collateral proceedings under 28 U.S.C. § 2255.... This is so because normally such a claim

---

3. In fact, the record refutes Gallegos–Torres's argument in this appeal that he is unable to communicate in English. At his arraignment, the presiding magistrate specifically asked Gallegos–Torres whether he knew and understood English well enough to have the arraignment conducted in that language. Gallegos–Torres responded affirmatively. During the arraignment, he testified at length in English, demonstrating a good command of the language.

At trial, prosecution witnesses from the Omaha Social Security and INS offices testified that Gallegos–Torres's command of English was excellent. He had conversed with them in English, obviously had understood the questions they had asked him, and had given answers that were responsive and intelligent.

4. Most of the instances Gallegos–Torres points to involve witnesses who referred to conversations with "Mr. Gallegos" or "Mr. Torres." In one instance Gallegos–Torres was incorrectly referred to as "Alfredo Torres."

cannot be advanced without the development of facts outside the original record." *Id.* (citation omitted). The *Dubray* rationale is fully applicable here, and we therefore decline to reach the merits of Gallegos–Torres's ineffective assistance claim. *See United States v. Brown,* 715 F.2d 387, 387–88 (8th Cir.1983).

The convictions are AFFIRMED.