878 F.2d 382
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Mark BEVINGTON, Defendant-Appellant.
 No. 88-3506.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1989.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and EUGENE E. SILER, Jr., Chief District Judge*.
 PER CURIAM.
 
 
 1
 Defendant has raised for the first time in this case on appeal the issue of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984). For reasons stated herein, we affirm.
 
 
 2
 Defendant was convicted along with two codefendants, Ben Brewer and Dale Ford, who are not part of this appeal, on one count of conspiracy under 18 U.S.C. Sec. 371 and a substantive count under 18 U.S.C. Secs. 659 and 2, for the unlawful possession of coffee stolen from an interstate shipment. The defendant received a sentence of three years on each count, to run concurrently.
 
 
 3
 A recital of the evidence is unnecessary, as the defendant has not attacked the sufficiency of the evidence. However, he alleges that retained counsel failed to call any witnesses, and cross-examined only ten out of twenty-one prosecution witnesses in an eight-day trial. He alleges as the most serious error the failure of defense counsel to object or move for a mistrial after the jury sent a note to the court and an answer was returned by Judge Walter Rice.
 
 
 4
 The note from the jury to the court stated that it had found the two codefendants, Brewer and Ford, guilty on both counts and had found Bevington guilty on count two but was "hung" by a vote of eight for guilty and four for not guilty on count one, the conspiracy. It added the inquiry, "What do we do at this point?" The judge advised counsel that the jury had sent him a note, revealing the verdicts on some counts and identifying the vote of the jury on the one count upon which it was not able to reach a verdict, in violation of the court's instructions. However, the court did not tell counsel the details of the note, nor the vote of the jury, until after counsel had agreed to the answer the court had suggested giving the jury.
 
 
 5
 Then, by agreement, the court instructed the jury to resume deliberations in an attempt to reach a verdict. It further advised the jury it should consider whether its unanimous decision already revealed to the judge was what it wanted to return into court. After another period of deliberation, the jury returned unanimous verdicts of guilty on both counts against the defendants.
 
 
 6
 This Court declines to decide the issue of ineffective assistance of counsel, as the record is not fully developed. As this issue was never presented to the trial court, it is not properly before this Court. See United States v. Chapman, 549 F.2d 1075, 1077 (6th Cir.1977). Accord, United States v. Carter, 815 F.2d 827, 829 (1st Cir.1987); United States v. Debango, 780 F.2d 81, 86 (D.C.Cir.1986); United States v. Lopez, 728 F.2d 1359, 1363 (11th Cir.1984); United States v. Dubray, 727 F.2d 771 (8th Cir.1984).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky and U.S. District Judge for the Western District of Kentucky, sitting by designation