991 F.2d 802
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Michael Hugh HARGER, Appellant,
 No. 92-3107.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 18, 1993.
Filed: April 5, 1993.
 
 Before McMILLIAN, WOLLMAN and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Hugh Harger appeals from the final judgment entered in the United States District Court[1] for the Western District of Arkansas upon a jury verdict finding him guilty of possession of methamphetamine, in violation of 21 U.S.C. § 844(a), and using the mails to facilitate the distribution of drugs, in violation of 21 U.S.C. § 843(b). The district court sentenced Harger to thirty-three months imprisonment, a $1000 fine, and one year of supervised release. For reversal, Harger argues his trial counsel was grossly ineffective. We affirm.
 
 
 2
 At trial, a postal inspector testified that in September 1991, he began investigating a pattern of Express Mail deliveries to a post office box in Hackett, Arkansas. On October 24, 1991, the inspector had a drug dog screen one of the packages upon its arrival in Arkansas. After obtaining a search warrant to open the package, the inspector found twenty-six grams of methamphetamine. The inspector substituted a nondrug substance for the drugs, resealed the package, and placed the package en route for a controlled delivery. The next day, Pamela Harger, Michael's sister, picked up the package and went to a residence in Hackett. Police officers executed a search warrant at the residence and found the Express Mail envelope opened. They found the plastic baggy containing the drugs in the drain below a toilet. A fingerprint expert testified that Michael Harger's fingerprints matched those on the inside business envelope holding the drugs, and a handwriting expert concluded Michael Harger's handwriting matched the handwriting on the Express Mail label. Pamela Harger, a codefendant, testified in her own defense that she used all of the methamphetamine for her own habit. No witnesses testified in Michael Harger's defense.
 
 
 3
 During the jury instruction conference, Michael Harger's counsel argued the indictment language, "in facilitating the distribution of methamphetamine," required the government to prove Michael was using the mail to help Pamela distribute the meth-amphetamine after she received it in the mail, and that he cast the defense with that interpretation in mind. The district court responded that the language also implied that Michael was "facilitating the distribution" of the drugs when he sent the drugs to Pamela.
 
 
 4
 After the jury returned convictions, the district court denied Harger's post-trial motions, holding the indictment was legally sufficient because a fair reading of the indictment included the allegation that the distribution facilitated was to the recipient of the package.
 
 
 5
 On appeal, Harger argues that, by failing to determine the nature of the charges in the indictment, his attorney cast an inappropriate and ineffective defense. The government argues the ineffectiveness issue should first be raised in collateral proceedings in the district court to allow for full development of the issue. On the merits, the government argues Harger cannot demonstrate prejudice because there was overwhelming evidence that Harger caused the package to be mailed. Thus, the result of the trial would have been the same even if Harger had interpreted the indictment differently.
 
 
 6
 Generally, claims of ineffective assistance of counsel may not be raised on direct appeal. United States v. Gallegos-Torres, 841 F.2d 240, 242-43 (8th Cir. 1988). Such claims are more properly raised in a habeas corpus proceeding or a section 2255 motion, where the district court can hold an evidentiary hearing to examine counsel's performance. The rare exception to this rule occurs when the district court has developed a record on the ineffectiveness issue. See United States v. Williams, 897 F.2d 1430, 1434 (8th Cir. 1990). Here, although counsel admitted he failed to investigate and cross-examine witnesses, the district court did not consider the issue from the perspective of ineffective assistance of counsel. The district court is the proper place to develop the record to determine whether counsel's alleged errors were (1) unreasonable and (2) prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Morris Sheppard Arnold, then United States District Judge for the Western District of Arkansas, now United States Circuit Judge