65 F.3d 172
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Byron R. LAWLER, also known as Eric L. Saucier, Appellant.
 No. 95-1734
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Aug. 17, 1995
Filed: Aug. 25, 1995
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Byron R. Lawler appeals his conviction by a jury of knowingly making a false statement in relation to the acquisition of a firearm from a pawnshop on July 16, 1991, in violation of 18 U.S.C Sec. 922(a)(6); and of being a felon in possession of a firearm on July 16, 1991, in violation of 18 U.S.C. Sec. 922(g). Because Lawler qualified as an armed career criminal under 18 U.S.C. Sec. 924(e), the district court[1] sentenced him to 188 months imprisonment, three years supervised release, and a $5,000 fine.
 
 
 2
 Lawler argues the district court abused its discretion when, on the morning of trial, it denied his motion for a continuance. Lawler sought a continuance because his brother, who was not under subpoena and who was to be the only defense witness besides Lawler, had missed his flight. We conclude that the district court did not abuse its discretion. See United States v. Ware, 890 F.2d 1008, 1010 (8th Cir.1989) (standard of review). Lawler's brother's proposed testimony would only have corroborated how Lawler initially came into possession of the gun he subsequently pawned, and would not have had any bearing on Lawler's later redemption of the gun at the pawnshop on July 16, or his subsequent possession of the gun. Cf. United States v. Pruett, 788 F.2d 1395, 1397-98 (8th Cir.1986) (error to deny continuance when unexpectedly unavailable witness was party to transaction in question and could completely exculpate defendant).
 
 
 3
 We also reject Lawler's argument that the district court abused its discretion when it defined "acquisition" in the jury instructions, because the jury could have been confused as to whether the term "acquisition" included redemption of a firearm from a pawnshop. See United States v. Sanders, 834 F.2d 717, 719 (8th Cir.1987) (district court has discretion in formulating jury instructions); Westborough Mall, Inc. v. City of Cape Girardeau, 794 F.2d 330, 338 (8th Cir.1986) ("where the possibility of confusion concerning a term exists, the court should define or explain such a term" in jury instructions), cert. denied, 480 U.S. 918 (1987).
 
 
 4
 Lawler's conviction and sentence are affirmed.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas