# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4157

_____

AmerUs Leasing, Inc., doing business as   *
Maytag Financial Services Corporation,   *
  *
           Appellee,   *
  *   Appeal from the United States
      v.   *   District Court for the
  *   Southern District of Iowa.
Amkor International Corporation; Nana   *
Korsah; Ken Korsah; Ama Korsah,   *   [UNPUBLISHED]
  *
           Appellants.   *

_____

Submitted: June 16, 1999
Filed: August 18, 1999

_____

Before LOKEN and MAGILL, Circuit Judges, and JONES,* District Judge.

_____

PER CURIAM.

AmerUs Leasing, Inc. (AmerUs) sued Amkor International Corporation (Amkor) and Nana, Ken, and Ama Korsah (collectively "the Korsahs") for breach of lease agreements and loan guaranties, respectively. A jury found in favor of AmerUs on its breach of lease claims, but against it on its breach of guaranty claims. The magistrate

_____

*The Honorable John B. Jones, Senior United States District Judge for the District of South Dakota, sitting by designation.

judge[1] subsequently granted AmerUs's post-trial motion for judgment as a matter of law against the Korsahs on its guaranty claims. Amkor and the Korsahs appeal. We affirm.

## I.

Amkor entered into two financing lease agreements with AmerUs for commercial Maytag washers and dryers that were to be used in coin operated laundromats. The Korsahs signed guaranties providing that they would pay amounts due under the leases if Amkor defaulted on its obligations.

From the start of operations, Amkor had trouble satisfying its payment obligations under the leases. In fact, testimony at trial revealed that Amkor never made any timely payments to AmerUs under the leases. See Trial Tr. at 301-02. Amkor's untimely payments were exacerbated by AmerUs's diversion of some lease payments to pay for insurance premiums on the leased equipment.

After approximately one and one-half years of receiving late lease payments, AmerUs sent Amkor and the Korsahs notice of acceleration and demand for payment on February 13, 1996. The notices asserted that Amkor was in default of its obligations under the leases and demanded immediate payment of $336,448. Amkor disputed AmerUs's assertion that it was in default and objected to the amount allegedly owed. Amkor eventually ceased making payments on the leases, and the Korsahs refused to satisfy Amkor's alleged liability.

AmerUs brought the present suit against Amkor for breach of the leases and against the Korsahs for breach of the guaranties. The case was tried before a jury, with

---

[1]The Honorable Ross A. Walters, United States Magistrate Judge for the Southern District of Iowa, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c).

a magistrate judge presiding by consent of the parties. At the close of all evidence, Amkor, the Korsahs, and AmerUs moved for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. The magistrate judge denied all of the motions and submitted the case to the jury. The jury returned a verdict in favor of AmerUs on the breach of lease claims, but found in favor of the Korsahs on the breach of guaranty claims. AmerUs then renewed its motion for judgment as a matter of law against the Korsahs, pursuant to Rule 50(b), which the magistrate judge granted. Amkor and the Korsahs appeal from these adverse rulings.

## II.

The Korsahs argue that the magistrate judge erred in granting AmerUs's post-verdict motion for judgment as a matter of law because the motion improperly relied on grounds not raised in the pre-verdict motion and because the magistrate judge applied the wrong standard when reviewing the evidence. We disagree with both arguments.

In its pre-verdict motion, AmerUs argued that the evidence showed that Amkor had defaulted on its obligations under the leases and that the Korsahs had defaulted on their obligations to pay these liabilities under the guaranties. In its post-verdict motion, AmerUs argued that there was no basis in the evidence for the jury or the court not to find the Korsahs liable for the guaranties, especially in light of the jury's determination that Amkor was liable for breach of the leases.

The Korsahs argue that AmerUs improperly relied on an argument in its post-verdict motion that was not raised in its pre-verdict motion. Specifically, the Korsahs contend that AmerUs impermissibly relied on and prevailed under the theory that the jury's verdicts were inconsistent even though it did not present such a theory in its pre-verdict motion. As the Korsahs correctly recognize, "[a] post-trial motion for judgment may not advance additional grounds that were not raised in the pre-verdict motion.

-3-

However, technical precision is not necessary in stating grounds for the motion so long as the trial court is aware of the movant's position." Rockport Pharmacy, Inc. v. Digital Simplistics, Inc., 53 F.3d 195, 197 (8th Cir. 1995) (citations and quotations omitted). In this case, and contrary to the Korsahs' contention, the magistrate judge did not grant judgment as a matter of law to AmerUs on the basis of inconsistent verdicts. Instead, the magistrate judge treated the post-verdict motion as simply reiterating AmerUs's pre-verdict argument that the evidence supported its motion for judgment as a matter of law against the Korsahs. The magistrate judge explicitly recognized that AmerUs preserved this argument by raising it in its pre-verdict motion. We find no error in the magistrate judge's treatment of this issue. We believe that the magistrate judge properly construed the post-verdict motion and limited his consideration of it to the argument made in AmerUs's pre-verdict motion. We, therefore, hold that the magistrate judge did not err in concluding that the argument made in the post-verdict motion was properly preserved by the pre-verdict motion.

On the merits, the Korsahs argue that the magistrate judge erred in concluding that AmerUs was entitled to judgment as a matter of law. When reviewing a lower court's decision to grant judgment as a matter of law, we assume that the non-moving party's evidence is true and draw all reasonable inferences from the evidence in the light most favorable to the non-movant. See Toombs v. Bell, 915 F.2d 345, 347 (8th Cir. 1990). Judgment as a matter of law is only appropriate if all the evidence favors the moving party and is not susceptible of reasonable inferences that would favor the non-movant. See id.

After reviewing the evidence presented in this case, we agree with the magistrate judge's conclusion that the evidence, viewed in the light most favorable to the Korsahs, supports a finding of liability on the guaranties. The evidence shows that Amkor defaulted on its obligations under the leases. After this default, AmerUs declared a default and demanded payment from the Korsahs under the guaranties, which explicitly provide that the Korsahs are obligated to pay Amkor's unsatisfied obligations under the

-4-

leases. Notwithstanding the Korsahs' obligations in the guaranties, they failed to satisfy Amkor's liabilities to AmerUs. We conclude that the evidence only supports a finding that the Korsahs are liable for their obligations under the guaranties, and the magistrate judge correctly concluded that AmerUs was entitled to judgment as a matter of law on these claims.[2]

Amkor argues that the magistrate judge erred in denying its pre-verdict motion for judgment as a matter of law because AmerUs did not provide evidence establishing breach of the leases and did not provide adequate proof of damages. Applying the standard discussed above, we conclude that the evidence, viewed in the light most favorable to AmerUs, is clearly sufficient to support a finding of default by Amkor and the jury's assessment of damages. Therefore, the magistrate judge properly refused to grant Amkor's pre-verdict motion for judgment as a matter of law.

Finally, the appellants contend that the magistrate judge abused his discretion by denying their motion for a continuance the day before trial was scheduled to commence. "It is a well settled point of law that a grant of continuance is within the sound discretion of the trial court, and that court's determination will not be overturned absent an abuse of discretion." Watson v. Miears, 772 F.2d 433, 437 (8th Cir. 1985). Continuances are not generally favored and should be granted only when the movant has shown a compelling reason. See United States v. Cotroneo, 89 F.3d 510, 514 (8th Cir. 1996). A trial court should balance the following factors when deciding whether to grant a continuance: the nature of the case; the diligence of the party requesting the continuance; the opposing party's conduct; the effect of delay upon both parties; and the asserted need for a continuance. See United States v. Pruett, 788 F.2d 1395, 1396

---

[2]The magistrate judge also conditionally granted AmerUs a new trial in the event this court reversed the grant of judgment as a matter of law. Because we conclude that the magistrate judge properly granted judgment as a matter of law, we need not address whether his order conditionally granting a new trial was proper.

(8th Cir. 1986).

The appellants moved for a continuance the day before trial was scheduled to commence. Their motion asserted that Ken and Nana Korsah would not be able to attend trial. Ken Korsah apparently required medical treatment, and Nana Korsah had left the country to pursue employment. The motion makes no reference to the other guarantor, Ama Korsah, so presumably she was able to attend trial. Although Nana apparently knew for quite some time that his employer would require him to begin work before the start of trial, the appellants did not file a motion for continuance until the eve of trial. Furthermore, the motion did not request a specific period of time for the continuance and gave no indication when either Ken or Nana could be expected to appear. In light of these circumstances and the extreme tardiness of the motion, we conclude that the magistrate judge did not abuse his discretion in refusing to continue the trial.

## III.

For the foregoing reasons, the orders of the magistrate judge are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.