# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2786

_____

United States of America,            \*

                                  \*

      Plaintiff - Appellee,      \*

                                  \*   Appeal from the United States

            v.               \*   District Court for the District of

                                  \*   Minnesota.

Randall Gene Whitefeather,     \*

                                  \*

      Defendant - Appellant.    \*

_____

Submitted: December 14, 2001

Filed:   January 7, 2002

_____

Before MURPHY and HEANEY, Circuit Judges, and PIERSOL,[1] District Judge.

_____

MURPHY, Circuit Judge.

      Randall Gene Whitefeather was found guilty of simple assault on the Red Lake Reservation in violation of 18 U.S.C. § 113(a)(5) (2000). On his appeal, Whitefeather contends that the district court[2] improperly instructed the jury on the

---

[1] The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota, sitting by designation.

[2] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

definition of simple assault and that he was denied effective assistance of counsel. We affirm.

A group of children and adults gathered one evening at a campfire by a wooded trail on the reservation to consume marijuana and alcoholic beverages, and fourteen year old M.R. joined in the party and subsequently passed out beside the fire. When Whitefeather arrived at the campfire after considerable drinking, he asked who the girl was lying by the fire. He was told it was M.R., whereupon he walked over and urinated on her face. M.R. testified at trial that she was not conscious during the incident. One witness told Whitefeather to stop, but he just laughed. Whitefeather was later charged with simple assault and convicted after a jury trial. The district court sentenced him to 10 months based on an offense level of 6 and a criminal history category of IV. He now seeks a new trial.

Whitefeather contends that the district court erred by instructing the jury that simple assault is

> [A]ny intentional or knowing harmful or offensive bodily touching or contact, however slight, without justification or excuse, with another's person, regardless of whether physical harm is intended or inflicted. It is not necessary that the victim have a reasonable apprehension of bodily harm.

He charges that this instruction defines simple battery rather than simple assault.

A challenged jury instruction is reviewed for abuse of discretion. United States v. Parker, 32 F.3d 395, 400 (8th Cir. 1994), and a conviction will be affirmed "if the instructions, taken as a whole, fairly and adequately convey the law applicable to the case." United States v. McDougal, 137 F.3d 547, 558 (8th Cir. 1998). Trial courts are given considerable discretion in choosing the form and language of jury instructions, United States v. Jerde, 841 F.2d 818, 820 (8th Cir. 1988), and a defendant is not

entitled to a particularly worded instruction so long as the necessary subject matter is covered adequately. United States v. Kouba, 822 F.2d 768, 771 (8th Cir. 1987).

Section 113 sets out penalties for a wide range of offenses described as assault, from the very serious (assault with intent to commit murder, § 113(a)(1)) to simple assault in § 113(a)(5). See 18 U.S.C. § 113(a)(1)-(7) (2000). The subsection for simple assault is the only one which states the name of the offense without further description. Subsection (a)(4) applies to assault "by striking, beating, or wounding," conduct similar to a battery at common law. The term "assault" in § 113 is considered to be more inclusive than under the common law and encompasses elements that would have fallen under traditional definitions of battery as well as assault. See United States v. Dupree, 544 F.2d 1050, 1052 (9th Cir. 1976); United States v. Anderson, 425 F.2d 330, 333 (7th Cir. 1970).

Although our court has not decided the precise issue raised by Whitefeather, we suggested in United States v. Ashley, 255 F.3d 907, 911 n.4 (8th Cir. 2001), that a person could be charged with assault under 18 U.S.C. § 113 even though the facts would also correspond to a battery. The First Circuit considered the exact subsection at issue here in a buttocks grabbing case and held that simple assault under § 113(a)(5) requires only a showing "that the defendant deliberately touched another in a patently offensive manner without justification or excuse." United States v. Bayes, 210 F.3d 64, 69 (1st Cir. 2000). In another offensive touching case, the Eleventh Circuit concluded that the act of touching a minor in a nonviolent sexual manner amounted to simple assault under § 113(a)(5). United States v. Williams, 197 F.3d 1091, 1095-96 (11th Cir. 1999). We conclude that Whitefeather's conduct fit within simple assault under § 113(a)(5) and that the district court did not abuse its discretion by the way in which it instructed the jury on the offense.

Whitefeather also claims that he was denied effective assistance because his counsel failed to call to the stand some individuals on the government witness list

who did not testify at trial. The government responds that this claim is not ripe for review but that in any event the other witnesses would only have been cumulative and that Whitefeather cannot show prejudice under <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Ineffective assistance of counsel claims should generally be raised in collateral post conviction proceedings under 28 U.S.C. § 2255. <u>United States v. Dubray</u>, 727 F.2d 771, 772 (8th Cir. 1984) (per curiam); <u>see also</u> <u>United States v. Stevens</u>, 149 F.3d 747, 748 (8th Cir.), <u>cert. denied</u>, 525 U.S. 1009 (1998) (exception where record sufficiently developed by hearing on a motion for new trial). Since Whitefeather's claim is premature, we decline to reach it.

For these reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.