# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2382

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Todd Leland Snyder, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 12, 2002

Filed:  March 19, 2002

_____

Before BYE, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

Todd Leland Snyder, together with his wife and child, drove through International Falls, Minnesota and crossed the Rainy River, which separates the United States and Canada. Snyder stopped at the Canadian customs checkpoint at the far end of the Rainy River bridge and answered routine questions about the family's trip and possessions. When Snyder told the Canadian customs official that there was a gun in the trunk of the car, the Snyders were denied admittance to Canada. The Snyders then drove back across the bridge to the United States customs checkpoint. Consistent with their policy, Canadian officials telephoned United States customs officials to explain why the Snyders were denied entry. United States customs

officials stopped the Snyders, and after Snyder confirmed the family had been denied admittance to Canada and there was a handgun in the trunk of the car, directed the family to another inspection area. At that time, Snyder claimed ownership of the gun. Customs officials located and took possession of the gun and ammunition, learned that the gun had been lawfully purchased by Snyder's wife, and learned that Snyder had earlier felony convictions, so he could not legally possess the gun. Snyder was later charged with knowingly possessing a firearm and ammunition after being convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (1994).

Before trial, Snyder moved to suppress the gun and ammunition on the grounds that the evidence was seized improperly without a warrant. Snyder argued the stated justification for the warrantless search, crossing an international border, was unavailing because he had not actually entered Canada, so was not reentering the United States. The district court[*] denied Snyder's motion. At trial, the jury was instructed on constructive possession, although not to Snyder's satisfaction, and Snyder was convicted. Snyder now appeals his conviction, claiming that the motion to suppress the evidence should have been granted, and that the jury instruction on constructive possession was so faulty that it deprived Snyder of a fair trial. In considering the denial of the motion to suppress, we review the district court's conclusions of law de novo and findings of fact for clear error. United States v. Raines, 243 F.3d 419, 421 (8th Cir.), cert. denied, 121 S. Ct. 2231 (2001). We review formulation of jury instructions for abuse of discretion. United States v. Whitefeather, 275 F.3d 741, 742-43 (8th Cir. 2002). Finding no error or abuse of discretion, we affirm.

Like the district court, we reject Snyder's argument that the warrantless search and seizure of the gun were illegal. Customs officials did not need reasonable

---

[*]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

suspicion, probable cause, or a warrant to stop and search Snyder because he was entering the United States at an international border. United States v. Montoya de Hernandez, 473 U.S. 531, 537-38 (1985); United States v. Oyekan, 786 F.2d 832, 835 (8th Cir. 1986). Snyder's argument that because he did not enter Canada he was not reentering the United States is without merit. An United States custom's official testified that Snyder entered Canada when he crossed the half-way point of the Rainy River bridge. See also United States v. Armstrong, 186 F.3d 1055, 1058 (8th Cir. 1999) (referring to the Webster-Ashburton Treaty of 1842 which defines the international border between the United States and Canada along Minnesota's boundary waters), cert. denied, 529 U.S. 1018, and cert. denied, 529 U.S. 1033 (2000). The district court credited this testimony when denying Snyder's motion to dismiss and we see no error in the court's factual finding. Indeed, according to the 1908 treaty between Canada and the United States establishing the international boundary along the boundary waters, and the maps created by the International Boundary Commission implementing this treaty, the Rainy River bridge crosses the international boundary. See Boundaries, April 11, 1908, U.S.-Can., art. V, 12 Bevans 297, 1908 U.S.T. Lexis 106; Appendix: Map of the International Boundary from the northwesternmost point of Lake of the Woods to Lake Superior, Sheet. No. 9, signed July 5, 1928.

We also reject Snyder's contention that his trial was unfair because the district court refused to instruct the jury as Snyder requested. Snyder complains that the jury was inadequately instructed about constructive possession because the instructions did not emphasize that Snyder must have had the intention to exercise dominion and control over the handgun, not just knowing dominion and control. Instruction sixty-eight, however, includes language about intention. The instruction makes clear that "to prove constructive possession of a gun, the government must show that the defendant was in a position or had the right to exercise dominion and control over the guns and had the intention to exercise the control." Having considered the instructions as a whole in light of Snyder's contention, we conclude the instructions

are legally correct, and the case was fairly and adequately submitted to the jury. <u>Whitefeather</u>, 275 F.3d at 742-43; <u>see also</u> <u>United States v. Wesley</u>, 990 F.2d 360, 364 (8th Cir. 1993) (holding constructive possession requires knowledge of the presence of contraband plus control).

We thus affirm Snyder's conviction and sentence. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-