**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nathan HEDBERG, Defendant–**
**Appellant.**

**No. 03–5877.**

United States Court of Appeals,
Sixth Circuit.

May 27, 2004.

Terry M. Cushing, Asst. U.S. Attorney, Louisville, KY, Cynthia Kanis, Sp. Asst. U.S. Atty., Fort Campbell, KY, for Plaintiff–Appellee.

Caryll S. Alpert, Asst. F.P. Defender, Nashville, TN, for Defendant–Appellant.

Before RYAN, DAUGHTREY, and CLAY, Circuit Judges.

*ORDER*

Nathan Hedberg appeals from a district court order affirming his judgment of conviction and sentence. The government has waived oral argument, and this court construes Hedberg's failure to respond to its show cause letter concerning oral argument as a waiver of such argument. Further, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

\* The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

Following a bench trial in 2002, a magistrate judge found Hedberg guilty of simple assault in violation of 18 U.S.C. § 113(a)(5). The magistrate judge sentenced Hedberg to six months of probation, and the court imposed a $500 fine and a $10 special assessment. Hedberg appealed to the district judge, who affirmed the magistrate judge's decision. In this timely appeal from the district judge's order, Hedberg argues that insufficient evidence exists to support his conviction because the magistrate judge improperly rejected his claim of self-defense.

Hedberg's insufficiency of the evidence argument is without merit. Sufficient evidence exists to support a conviction if, after viewing the evidence in the light more favorable to the prosecution, the court can conclude that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir.2003), *cert. denied*, — U.S. —, 124 S.Ct. 1145, 157 L.Ed.2d 1057 (2004). Under 18 U.S.C. § 113(a)(5), a defendant who commits simple assault shall be punished by a fine and a term of imprisonment for not more than six months. A defendant violates § 113(a)(5) by deliberately touching another individual in a patently offensive manner without justification or excuse. *United States v. Whitefeather*, 275 F.3d 741, 743 (8th Cir.2002); *United States v. Bayes*, 210 F.3d 64, 69 (1st Cir.2000).

Sufficient evidence exists to conclude that Hedberg deliberately and offensively touched his wife without justification or excuse. We specifically reject Hedberg's claim of self-defense because his provocation caused any injuries he received from his wife. *United States v. Branch*, 91 F.3d 699, 717 (5th Cir.1996).

Accordingly,' we affirm the district court's judgment.