# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3676

_____

| | | |
|---|---|---|
| Firefighters' Institute for Racial Equality, by and through its Chairman; Robert Anderson; Charles Bates; Donald Chambers; Michael Coleman; Eric Driver; Kenneth Green; Leroy Harris; Lonnie R. Hughes; Stanley Johnson; Joseph Jones; John Lester; Ronald Logan; James Morgan; Michael Pickett; Zefpro Redding; Gary Ruffin; Lawrence Sayles; Addington Stewart; Nathanial Sutherland; Lloyd Tate; Gilbert Vaughn; Derrick Webster; David Williams, | * * * * * * * * * * * * * * * | |
| Plaintiffs/Appellants, | * * * | Appeals from the United States District Court for the Eastern District of Missouri. |
| v. | * * | |
| City of St. Louis, | * * | |
| Defendant/Appellee, | * * | |
| St. Louis Firefighters Association Local 73; Edwin F. Libby, Jr.; Dennis Jenkerson; Jay Jennings; William Schurwan; Dwight C. Cross; Mark Bradshaw; Lawrence Reinecke; Robert Milani; Lawrence Auer; Steven Neinhaus; Leo Kuchner; Larry Donovan; Grant A. Berger; Scott Speigel; William O. Hill; Bruce E. | * * * * * * * * * * | |

Williams; Mark R. Duffy; Theodore          *
Richardson,                                *
                                           *
        Intervenor-Defendants/Appellees,   *
                                           *
Gerald Jr. Jorden,                         *
                                           *
        Intervenor-Defendant/Appellee.     *
                                           *

                        _____

                        No. 99-4245
                        _____

Firefighters' Institute for Racial         *
Equality, by and through its Chairman;     *
Robert Anderson; Charles Bates;            *
Donald Chambers; Michael Coleman;          *
Eric Driver; Kenneth Green; Leroy          *
Harris; Lonnie R. Hughes; Stanley          *
Johnson; Joseph Jones; John Lester;        *
Ronald Logan; James Morgan; Michael        *
Pickett; Zefpro Redding; Gary Ruffin;      *
Lawrence Sayles; Addington Stewart;        *
Nathanial Sutherland; Lloyd Tate;          *
Gilbert Vaughn; Derrick Webster;           *
David Williams,                            *
                                           *
        Plaintiffs/Appellants,             *
                                           *
        v.                                 *
                                           *
City of St. Louis,                         *
                                           *
        Defendant/Appellee,                *
                                           *
St. Louis Firefighters Association Local   *

73; Edwin F. Libby, Jr.; Dennis      *
Jenkerson; Jay Jennings; William      *
Schurwan; Dwight C. Cross; Mark      *
Bradshaw; Lawrence Reinecke; Robert    *
Milani; Lawrence Auer; Steven      *
Neinhaus; Leo Kuchner; Larry      *
Donovan; Grant A. Berger; Scott      *
Speigel; William O. Hill; Bruce E.    *
Williams; Mark R. Duffy; Theodore    *
Richardson,      *
     *
        Intervenor-Defendants/Appellees.  *

_____

Submitted: June 14, 2000

Filed: August 11, 2000

_____

Before WOLLMAN, Chief Judge, BEAM, Circuit Judge, and PANNER,[1] District Judge.

_____

BEAM, Circuit Judge.

Firefighters' Institute for Racial Equality[2] and twenty-two individual plaintiffs (collectively FIRE) brought suit against the City of St. Louis (the City) and the St. Louis Firefighters Association Local 73 (Local 73)[3] for violations of 42 U.S.C. §§

---

[1]The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

[2]FIRE is an organization with a primarily African-American membership.

[3]Local 73 represents all firefighters in negotiations with the City, but has a membership that is primarily Caucasian.

1981, 1988, and 2000e-2 (Title VII), and the Missouri Human Rights Act. The district court[4] granted summary judgment to the City and Local 73. FIRE appeals and we affirm.

## I.    BACKGROUND

Barrett & Associates (Barrett), at the City's behest, developed, administered, and scored a promotional exam for the rank of battalion fire chief, and provided a ranking of candidates based on the results of the exam. The four-part exam tested job knowledge and supervisory/managerial skills, had a fire scene simulation and an oral briefing exercise. In 1997, seventy-eight fire captains took the exam, of whom fifty-three were Caucasian and twenty-five were African-American. Twelve captains were placed on the eligibility list, of whom ten were Caucasian and two were African-American. FIRE brought suit, asserting that the disparate impact the test had on the African-American candidates—with 18.8% of the Caucasian candidates being eligible for promotion versus only 8% of the African-American candidates—violates Title VII, sections 1981 and 1988, and the Missouri Human Rights Act.

Over the course of discovery in this case, the district court granted a motion to strike FIRE's expert witness, quashed subpoenas to two non-party witnesses, and refused to compel the testimony of two non-party witnesses and the production of the personnel files of the battalion chiefs promoted from the 1997 exam. After discovery closed, the City and Local 73 moved for summary judgment on all claims. The district court granted the motion, and also awarded costs to both the City and Local 73.

---

[4]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Misssouri.

## II. DISCUSSION

### A. Discovery

Our review of a trial court's discovery decisions is very narrow. See Derby v. Godfather's Pizza, Inc., 45 F.3d 1212, 1215 (8th Cir. 1995). "Reversal is inappropriate absent a 'gross abuse of discretion resulting in fundamental unfairness in the trial of the case.'" McGowan v. General Dynamics Corp., 794 F.2d 361, 363 (8th Cir. 1986) (quoting Voegeli v. Lewis, 568 F.2d 89, 96 (8th Cir. 1977)).

### 1. Motion to Strike FIRE's Expert

FIRE contends the district court erred when it granted a motion to strike FIRE's expert for failing to meet the deadline for filing expert reports. There is no question, however, that the expert's report was untimely. The district court set a deadline of December 28, 1998, for disclosure of FIRE's expert and the expert report. FIRE named an expert on that date, but did not provide a report. FIRE assured the court that the report would be completed the first week of January, but failed to fulfill that promise as well. When the district court held a hearing on the motion to strike on February 19, 1999, the report still had not been filed.

Federal Rule of Civil Procedure 16 permits the district court to set deadlines for the disclosure of evidence and to impose sanctions on a party for failing to meet a deadline. See Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998). Unless the failure to meet a deadline was either harmless or substantially justified, the court may sanction a party by excluding its evidence. See id. at 1008-09.

FIRE asserts it was substantially justified in not filing the report because the City's initial disclosures were insufficient. However, FIRE did not raise this issue until four months after the disclosures were due and two months after the expert report

deadline. Additionally, FIRE provided no explanation for its delay in raising this issue. Thus, even if we accepted this after-the-fact justification, it came far too late for us to say the district court abused its discretion by striking FIRE's expert.

## 2.        Quashing the Subpoenas Duces Tecum

FIRE next asserts the district court erred in quashing subpoenas to two non-parties. On April 19, 1999, the last day of discovery, FIRE served a subpoena duces tecum upon Burroughs and Rockhill[5] for its entire file on the St. Louis battalion chiefs exam. The district court quashed the subpoena because it found the method of service did not comport with Rule 45(b)(1). We agree. Rule 45(b)(1) requires FIRE to serve the City with prior notice of commanded production of documents. It failed to serve the City with such notice. Therefore, we find the district court's decision to quash the subpoena was proper.

On April 19, 1999, FIRE also served a subpoena upon Barrett for its exam project file. The subpoena was sent by facsimile (fax) and also by regular mail on the last day of discovery. The district court granted Barrett's motion to quash because FIRE's service failed to comport with Rule 45.

Rule 45(b)(1) requires that service be made by "delivering a copy" of the subpoena to the person. FIRE contends that its service by fax and regular mail meets the requirements of Rule 45(b)(1). We disagree. When a non-party is served, the method of service needs to be one that will ensure the subpoena is placed in the actual possession or control of the person to be served. See Doe v. Hersemann, 155 F.R.D. 630, 630 (N.D. Ind. 1994) (allowing service by certified mail). Although this interpretation of Rule 45(b)(1) may allow service by other than personal delivery, it is

---

[5]Burroughs and Rockhill offered a commercial exam preparation course to the members of Local 73.

not broad enough to include either fax or regular mail because the court cannot be assured that delivery has occurred. Therefore, the district court properly quashed the subpoena.

### 3.    Motion to Compel

FIRE contends the district court improperly denied its motion to compel: (1) non-party witness Douglas Cribbs to attend a deposition; (2) non-party witness Steven Kotraba to answer questions certified at his deposition; and (3) the City to produce the entire personnel files of the eleven individuals who were promoted to battalion chief as a result of the 1997 exam. The district court denied the motion to compel as untimely. The case management order set a deadline of eleven days after the close of discovery for all motions to compel. Discovery closed on April 19, 1999. FIRE filed its motion on May 3, 1999—three days after the deadline. FIRE provided no reason to justify missing the deadline. Therefore, the district court did not abuse its discretion in denying the motion.

### B.    Summary Judgment

We review a decision to grant summary judgment de novo looking at the evidence in the light most favorable to the non-moving party. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000). The district court may grant a summary judgment motion when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c).

"Title VII forbids the use of employment tests that are discriminatory in effect unless the employer meets 'the burden of showing that any given requirement [has] . . . a manifest relationship to the employment in question.'" Albemarle Paper Co. v. Moody, 422 U.S. 405, 425 (1975) (quoting Griggs v. Duke Power Co., 401 U.S. 424, 432 (1971)). If a plaintiff establishes a prima facie case of disparate impact from a

testing procedure, then the employer has the burden to justify the procedure by demonstrating that it is related to safe and efficient job performance and is consistent with business necessity. See 42 U.S.C. § 2000e-2(k); see also Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir. 1999). Even if the employer can meet this burden, the plaintiff can still prevail if he can show that there is an alternative selection method that has substantial validity and a less disparate impact. See id.

The district court found FIRE had established a prima facie case of disparate impact resulting from the battalion chiefs exam. Thus, for purposes of this appeal, we will assume the district court's finding was correct. Our assumption shifts the burden to the City to show that the exam was job-related. FIRE contends the City's exam is not job-related on three specific grounds: (1) three of the four sections were multiple choice; (2) the test included twenty-five "first responder" questions; and (3) two of the books on the reading list were difficult or impossible to obtain and were out-of-date. Each of these contentions will be addressed in turn.

First, FIRE asserts that the use of multiple choice questions violates precedent set by this court in Firefighters Institute for Racial Equality v. City of St. Louis, 616 F.2d 350 (8th Cir. 1980). In that case, we found the multiple choice portion of the fire captains exam was not job-related because FIRE presented extensive expert testimony that showed skill at a fire captain's job could not be adequately measured by that type of test. See id. at 357-59. And, the City did not adequately rebut that evidence. See id. FIRE's argument, in this case, rests solely on the this court's 1980 decision regarding the fire captains exam. In this case, however, the City provided us with ample evidence that demonstrates multiple choice questions can adequately measure the skills of a battalion chief. FIRE did not present expert testimony or any other evidence to refute the City's evidence. Therefore, we find the multiple choice format is job-related for the 1997 battalion chiefs exam.

Second, FIRE asserts the "first responder"[6] questions are not "job related." To support this assertion, FIRE presented the affidavits of selected firefighters stating that battalion chiefs do not have "first responder" duties. Barrett, however, reviewed department operating procedures during the test development stage. The Standard Operating Procedures became a part of the reading list that candidates were given and from which all the test questions were drawn. Through its system of linking test questions and all the answer choices to material on the reading list, Barrett demonstrated how each of the test items was tied to a fire department Standard Operating Procedure or specific department responses to different types of incidents. Thus, the "first responder" questions are job-related.

Third, FIRE contends the use of the books Managing People and Managing Support Systems as resources for the exam violated professional standards because the books were hard to find and the information contained in them was out-of-date. However, Dr. Twymon, of Barrett, and Holly Krampfert, from the City's personnel office, both contacted the publisher of the books before placing the books on the reading list to ensure enough copies were available. Both were assured there was an adequate amount of books. Additionally, it is undisputed that supervisory skills are very important in the battalion chief position. These two books are published by the International Society of Fire Service Instructors, and contain information specific to supervision in the firefighting profession. FIRE does not point to any question on the test or information in the book that was outdated at the time of the exam. Therefore, we find the City demonstrated that these two books are job-related.

FIRE's final argument against the validity of the test is that a commercial test preparation course was offered to the members of Local 73. However, this course was offered by a private test company who had no inside knowledge of the test contents.

---

[6]A"first responder" is the first person to arrive on the scene who provides emergency care and treatment to ill and injured people.

The City did not sponsor the course nor did it know of its existence until after the test had been administered. Thus, the course does not undermine the validity of the battalion chiefs exam.

Accordingly, we find the 1997 battalion chiefs exam was related to safe and efficient job performance and consistent with business necessity. In addition, FIRE failed to present any evidence of a less discriminatory procedure. Therefore, the district court properly granted summary judgment to the City and Local 73 on the Title VII disparate impact claim.

Additionally, after carefully reviewing the record and applicable case law, we agree with the district court that FIRE simply presented no evidence of intentional discrimination necessary to support a claim under 42 U.S.C. §§ 1981 and 1988, and the Missouri Human Rights Act, Missouri Revised Statutes § 213.055(3)(2). Thus, the district court properly granted summary judgment on those claims. <u>See</u> 8th Cir. R. 47B.

## C. Costs

FIRE's final contention is that the district court erred in awarding costs to the City in the amount of $64,143.81 and to Local 73 in the amount of $3,570.97. We review the district court's decision to award costs for an abuse of discretion. <u>See</u> <u>Greaser v. Missouri Dep't of Corrections</u>, 145 F.3d 979, 985 (8th Cir. 1998). Under Rule 54(d), costs, other than attorney's fees, are allowed as a matter of course to a "prevailing party." Fed. R. Civ. P. 54(d)(1). FIRE contends neither the City nor Local 73 is a "prevailing party" in this case because FIRE established a prima facie case and because the City was seeking to overturn precedent. A "prevailing party," however, is one "in whose favor a judgment is rendered, regardless of the amount of damages awarded." <u>Black's Law Dictionary</u> 1145 (7th ed. 1999). In this case, judgment was

rendered in favor of the City and Local 73, and thus, they are prevailing parties allowed costs under Rule 54(d).

Additionally, FIRE asserts that a majority of the City's expert witness costs are prohibited under 28 U.S.C. § 1920. However, Federal Rule of Civil Procedure 26(b)(4)(c)(i) provides that "the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision." After carefully reviewing the parties' cost submissions, we find all the costs charged were allowed either by statute or by the Federal Rules of Civil Procedure. Therefore, the district court did not abuse its discretion in awarding fees to the City or Local 73.

## III. CONCLUSION

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.