# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-4253

———————

Charles H. Sturgeon,                       *
                                           *
          Appellant,                       *
                                           *   Appeal from the United States
     v.                                    *   District Court for the
                                           *   Eastern District of Missouri
Monsanto Company,                          *
                                           *        [UNPUBLISHED]
          Appellee.                        *

———————

Submitted:   December 28, 2000

Filed:   January 29, 2001

———————

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD,
     Circuit Judges.

———————

PER CURIAM.

     Charles Sturgeon appeals from the final order entered in the District Court[1] for
the Eastern District of Missouri, granting summary judgment to Monsanto Co.
(Monsanto), Sturgeon's former employer, in his employment discrimination case. For
reversal, Sturgeon argues that the district court erred in finding that he had not shown
he was discharged, in violation of Missouri public policy, after making several reports
to his superiors and other company representatives regarding his concern about

———————

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern
District of Missouri.

observed violations of law. For the reasons discussed below, we affirm the judgment of the district court.

After de novo review, see Montgomery v. John Deere Co., 169 F.3d 556, 559 (8th Cir. 1999), we conclude the district court did not err in granting summary judgment to Monsanto, because Sturgeon did not present evidence from which a jury could conclude that he reported serious misconduct constituting a violation of law and well-established public policy, and that there was an exclusive causal connection between his discharge and reporting the violations. See Bell v. Dynamite Foods, 969 S.W.2d 847, 852 (Mo. Ct. App. 1998) (to prevail on whistleblowing claim, plaintiff must prove he reported violations of law and there was exclusive causal connection between report and his discharge); Porter v. Reardon Mach. Co., 962 S.W.2d 932, 936-37 (Mo. Ct. App. 1998) (Missouri courts have recognized public policy exception to employment-at-will doctrine where employee is terminated for reporting wrongdoing or violations of law or public policy by employer to superiors or third parties); see also David v. Tanksley, 218 F.3d 928, 930 (8th Cir. 2000) (appellate court reviews district court's interpretation of state law de novo). We also conclude the district court did not abuse its discretion in limiting the number of depositions taken by Sturgeon. See Firefighters' Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis, 220 F.3d 898, 902 (8th Cir. 2000) (this court's review of trial court's discovery decisions is very narrow; reversal is inappropriate absent gross abuse of discretion resulting in fundamental unfairness).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.