# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2993

———————

Greg Scher; Darren R. Mohr,      *
                         *

       Appellants,      *
                         *

Ryan M. Thompson; James Mitchell,    *
                         *

       Plaintiffs,      *    Appeal from the United States
                         *    District Court for the
      v.                     *    Eastern District of Missouri
                         *

Joe Ortwerth; A. L. Stahl, Warden,    *       [UNPUBLISHED]
St. Charles County Jail,          *
                         *

       Appellees.      *

———————

Submitted: October 7, 2005
Filed: November 3, 2005

———————

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

———————

PER CURIAM.

      Greg Scher and Darren Mohr, two former pretrial detainees at the St. Charles County Jail (Jail), appeal from the final judgment entered in the District Court[1] for the

———————

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

Eastern District of Missouri granting summary judgment to Jail officials in this 42 U.S.C. § 1983 action. For reversal, Scher and Mohr argue the district court erred in granting summary judgment; in denying their motions for appointment of counsel, to compel discovery, and to amend their complaint; and in dismissing one named plaintiff and one named defendant. For the reasons discussed below, we affirm the judgment of the district court.

Upon de novo review, see Luckes v. County of Hennepin, 415 F.3d 936, 938-39 (8th Cir. 2005) (standard of review), we conclude that the district court properly granted summary judgment to Jail officials on the conditions-of-confinement, access-to-courts, and medical-services claims, because Scher and Mohr did not adduce evidence showing their rights were violated. We thus affirm for the reasons stated in the district court's thorough and well-reasoned opinion. See 8th Cir. R. 47B.

We also conclude the district court did not abuse its discretion in refusing to appoint counsel, to compel discovery, or to allow amendment of the complaint, see Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (appointing counsel); Firefighters' Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis, 220 F.3d 898, 903 (8th Cir. 2000) (compelling discovery), cert. denied, 532 U.S. 921 (2001); Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989) (amending complaint); or in dismissing one defendant for lack of service of process, see Bullock v. United States, 160 F.3d 441, 442 (8th Cir. 1998) (per curiam). Last, we see no reversible error in the district court's dismissal of one plaintiff whose claims were not distinct from Scher's or Mohr's.

Accordingly, we affirm.

_____