Mary **MARTINEZ**, Plaintiff,

v.

**TARGET CORPORATION**, Defendant.

**No. 11–1518 (JNE/TNL).**

United States District Court,
D. Minnesota.

Nov. 16, 2011.

Brian T. Rochel, Daniel Gray Leland, and Michelle Dye Neumann, Halunen & Associates, Minneapolis, MN, for Plaintiff.

Joseph G. Schmitt and Megan J. Kelley, Nilan Johnson Lewis PA, Minneapolis, MN, for Defendant.

## ORDER OPINION

TONY N. LEUNG, United States Magistrate Judge.

### I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff's Motion to Quash Subpoena (Docket No. 10). A hearing was held on the motion on November 7, 2011. Brian T. Rochel appeared on behalf of Plaintiff. Megan J. Kelley appeared on behalf of Defendant. For the reasons set forth below Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

### II. BACKGROUND

On June 9, 2011, Plaintiff Mary Martinez's action against Defendant Target Corporation was removed from the state district court to the United States District Court for the District of Minnesota. Within her Complaint Ms. Martinez alleges that Target harassed her and terminated her employment as a result her utilization of time off for her pregnancy and medical care for her child. Based upon these allegations, Ms. Martinez asserts the following claims: (1) retaliation in violation of the Family Medical Leave Act, (2) interference with rights in violation of the Family Medical Leave Act, (3) discrimination based upon disability in violation of the Americans with Disabilities Act, and (4) discrimination based on sex/pregnancy in violation of the Minnesota Human Rights Act. Target disputes the allegations and contends that Ms. Martinez was terminated for failure to perform her duties in a positive and respectful manner.

A Pretrial Scheduling Order was issued on July 22, 2011. Thereafter, Target requested that Ms. Martinez execute an authorization for the release of all records about Ms. Martinez maintained by her present employer. Ms. Martinez refused to execute the authorization. Thereafter, Target served a subpoena *duces tecum* on Ms. Martinez's present employer. Target did not provide any prior notice of the subpoena to Ms. Martinez or her counsel. The subpoena *duces tecum* seeks all documents that concern Ms. Martinez.

Ms. Martinez filed the present motion to quash. Target opposes the motion.

### III. ANALYSIS

Ms. Martinez seeks an order quashing Target's subpoena *duces tecum*, arguing (1) Target violated Fed.R.Civ.P. 45 by failing to serve Ms. Martinez with prior notice; (2) Ms. Martinez's current employment records are irrelevant; and (3) Target's subpoena is an act of retaliation in violation of Minn.Stat. § 363A.15. In addition, Ms. Martinez seeks sanctions against Target. For the reasons set forth below, Ms. Martinez's motion to quash is granted in part and denied in part.

Federal Rule of Civil Procedure 45(b)(1) requires that Target serve Ms. Martinez with prior notice of the subpoena and production of documents. Target failed to comply with Rule 45(b)(1). Nevertheless, Target contends its subpoena should not be quashed because Ms. Martinez has shown no prejudice. Target's argument misses the point. The prejudice to Ms. Martinez is anticipated by the existence of Rule 45(b)(1). Therefore, it is proper to quash the subpoena. *Firefighter's Institute for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir.2000) (holding that quashing a subpoena was proper where serving party failed to provide notice to another party).

Ms. Martinez acknowledges that her compensation and benefits information from her current employer is relevant on the issue of damages. Fed.R.Civ.P. 26(b)(1). Ms. Martinez has volunteered to produce all information requested by Target pertaining to her compensation and benefits from her current employer. This Court concludes that this

information is relevant under Fed.R.Civ.P. 26(b)(1) and Target is entitled to this information.

■ Target also seeks broader information within its subpoena *duces tecum*, such as all files referencing Ms. Martinez that were created or maintained by human resources and Ms. Martinez's manager or supervisor. Target contends that this information is "relevant to Ms. Martinez's duty to mitigate her allege damages by making a diligent effort to maintain her employment with [her current employer]." Target also wants to know if Ms. Martinez has engaged in "negative and disrespectful conduct in the workplace." Target's requests are overbroad. Target's sought after information is not relevant to this action given that Ms. Martinez has found and maintained employment after being terminated from Target. Target has not produced any evidence that Ms. Martinez is about to lose her present job. Therefore, this Court must curtail the scope of Target's sought after discovery pursuant to Fed. R.Civ.P. 26(c)(1).

Ms. Martinez seeks an advisory opinion by this Court concerning Target's liability under the Minnesota Human Rights Act for serving a subpoena in this action. This Court declines to render such an advisory opinion. If Ms. Martinez wants to adjudicate this issue, then she will have to bring a new claim against Target. For the purposes of the present motion, this Court notes that a properly noticed and served subpoena, which seeks relevant information, is permitted by the Federal Rules of Civil Procedure and this Court has limited its analysis to determining whether the subpoena at issue satisfies these criteria.

There is no cause for sanctions in this matter.

**ORDER**

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Quash Subpoena (Docket No. 10) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Subpoena served on Mary Martinez's present employer on October 6, 2011, is **QUASHED.**

2. On or before November 25, 2011, Plaintiff shall produce responsive information for Plaintiff's compensation and benefits from Plaintiff's current employer, or Plaintiff shall execute a release of information providing for the same.

3. Plaintiff's motion is denied in all other respects.

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.