# United States Court of Appeals

### For the Eighth Circuit

_____

No. 11-3195

_____

United States of America

*Plaintiff - Appellee*

v.

Steven M. Evans

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 20, 2012
Filed: August 23, 2012

_____

Before LOKEN and SHEPHERD, Circuit Judges, and GERRARD[1], District Judge.

_____

SHEPHERD, Circuit Judge.

Steven Evans was indicted for unlawfully attempting to remove his children from the United States, in violation of 18 U.S.C. § 1204(a). On request of Evans's

_____

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska, sitting by designation.

counsel, the district court[2] ordered that Evans be detained to undergo a competency evaluation as allowed by 18 U.S.C. § 4241(b). Based on the competency evaluation, the court found that Evans was not competent to proceed with the trial and ordered that he be hospitalized under section 4241(d) for a period not to exceed four months to determine whether there was a substantial probability that Evans would attain capacity to stand trial in the foreseeable future. Evans filed this appeal challenging his commitment on grounds that the court did not provide him with a "legal, constitutionally adequate competency hearing under title 18 U.S.C. § 4241(c)." We affirm.

## I.

On April 9, 2011, at approximately 10:00 a.m., Officer Steven Crume of the Lee's Summit, Missouri Police Department arrived at the home of Judith Evans, Evans's mother, in response to an Amber Alert that stated two children had been abducted by their father. Judith Evans informed Officer Crume that her two grandchildren were missing. She told the officer that a court order in her son's divorce case required that she or her husband be present at any time that her grandchildren were in the presence of Evans. Judith Evans told Officer Crume that she had seen the children at 10:30 p.m. the night before but had not seen them that morning; her son was also missing. Later that day, the Lee's Summit Police Department was contacted by Canadian officials who stated that they had apprehended Steven Evans and the children at the United States-Canadian border. Evans was arrested, and a grand jury returned an indictment charging Evans with knowingly removing his two children, who had not yet attained the age of sixteen years, from the United States to Canada with the intention to obstruct the lawful

---

[2]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri, adopting the report and recommendations of the Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

exercise of parental rights of the children's mother, in violation of 18 U.S.C. § 1204(a).

## II.

The court may order a competency hearing at any time after the commencement of a prosecution but before sentencing to determine if a defendant is competent to continue with criminal proceedings against him. 18 U.S.C. § 4241(a). At Evans's detention hearing, his attorney made an oral motion for a competency examination as allowed by section 4241(a). The court granted the motion. Evans underwent a competency evaluation, and the court held a competency hearing. At the beginning of the competency hearing, defense counsel informed the court that Evans wished to represent himself at the hearing. The court informed Evans it had to proceed with the competency hearing before making a ruling on whether Evans could represent himself. At the hearing, the Government introduced the report of Dr. Ron Nieberding, a licensed clinical psychologist. Evans's counsel stated that Evans disputed some of the factual findings included in the report and also believed certain relevant information was not included in the report, but Evans stipulated through counsel that the report reflected what Dr. Nieberding's testimony would be if he testified. Dr. Nieberding's report stated that there was "significant evidence to suggest that [Evans] may not [have been] competent to proceed to a criminal adjudication" at that time. Evans did not offer any evidence at the hearing. At the close of the hearing, Evans spoke on his own behalf and stated that he did not wish to represent himself but instead requested new counsel because he did not believe his counsel had adequately explained the competency-review process to him. Evans also told the court that there was additional evidence that he would have liked to have given to Dr. Nieberding, but the doctor "seemed very reluctant" to entertain it. Evans did not identify what evidence he would have had Dr. Nieberding consider. The court informed Evans that it would not rule on his request for new counsel before first making a competency determination.

-3-

After Evans's competency hearing, the magistrate judge issued a report and recommendation, finding that Evans was incompetent because he was "presently suffering from a mental disease or defect rendering him unable [] to understand the nature and consequences of the proceedings against him or properly assist in his defense." The magistrate judge recommended that Evans be hospitalized pursuant to section 4241(d)(1) for a reasonable time, not to exceed four months, to determine whether there was a substantial probability that Evans would attain capacity to proceed to trial in the foreseeable future. The magistrate judge based her recommendation on Dr. Nieberding's report, noting that the report was the only evidence introduced at the competency hearing.

Prior to the district court's ruling on the report and recommendation, Evans filed multiple pro se motions including motions to suppress the psychological evaluation and to have it stricken from the record. The district court denied Evans's motions, and it instructed him that all future motions should be filed by his counsel. The court adopted the report and recommendation and ordered that Evans be committed to the custody of the United States Attorney General for hospitalization and treatment pursuant to section 4241(d) for a reasonable period of time, not to exceed four months, to determine whether there was a substantial probability that Evans would attain capacity to stand trial within the foreseeable future. Evans appeals this order, arguing that he was denied a legal and constitutionally adequate competency hearing.

III.

Since the filing of Evans's appeal, Evans has completed his commitment pursuant to the original order, and the district court determined, after a subsequent competency hearing, that it was substantially unlikely that Evans would be restored to competency to proceed in the criminal adjudication in the foreseeable future in the absence of antipsychotic medication. Evans has filed a separate appeal from that

order.  United States v. Evans, No. 12-2498 (8th Cir. filed June 25, 2012); see, e.g.,Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009) (holding this court may take judicial notice of other judicial opinions for the first time on appeal); Conforti v. United States, 74 F.3d 838, 840 (8th Cir. 1996) ("We have held that federal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue." (internal quotation marks and citation omitted)).

Before addressing Evans's argument on appeal, we must address the question of mootness because "every federal appellate court has a special obligation to consider its own  jurisdiction," Thomas v. Basham, 931 F.2d 521, 522-23 (8th Cir. 1991), and we have no jurisdiction over appeals that are moot. See Minn. Humane Soc'y v. Clark, 184 F.3d 795, 797 (8th Cir. 1999).

 "Mootness occurs when the parties 'lack a legally cognizable interest in the outcome.'" Olin Water Servs. v. Midland Research Labs., Inc., 774 F.2d 303, 305 (8th Cir. 1985) (citation omitted).  A party has a "legally cognizable interest in the outcome" when he has a "personal stake" in the dispute.  See Anderson v. CNH U.S. Pension Plan, 515 F.3d 823, 826 (8th Cir. 2008).  We find that Evans retains a legally cognizable interest in the adequacy of his first competency hearing because a finding that the original hearing was inadequate would affect Evans's current legal status. "At any time before sentencing, either party to a federal criminal prosecution may file a motion for a hearing to determine the mental competency of the defendant." United States v. Millard-Grasshorn, 603 F.3d 492, 493 (8th Cir. 2010).  After a competency hearing is conducted under section 4241(c), if the court finds "by a preponderance of the evidence that the defendant . . . suffer[s] from a mental disease or defect [that renders] him mentally incompetent[,] . . .the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d).  After that determination, the burden of proof changes, and the defendant will only be allowed to be discharged and to proceed to trial if the court finds "by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and

-5-

consequences of the proceedings against him and to assist properly in his defense."
18 U.S.C. § 4241(e). For this reason, the competency determination made pursuant
to Evans's original hearing may impact all subsequent competency determinations.
Thus, Evans has a personal stake, that is a "legally cognizable interest in the
outcome," of this appeal, and the appeal is not moot. See Olin Water Servs., 774 F.2d
at 305.

IV.

Moving to the merits of the appeal, Evans argues "that the District Court erred
by failing to provide him with a legal, constitutionally adequate competency hearing
under title 18 U.S.C. § 4241(c)." "'Decisions regarding competency hearings are
factual findings that we will affirm unless clearly arbitrary or unwarranted, or clearly
erroneous.'" United States v. Mueller, 661 F.3d 338, 353 (8th Cir. 2011) (citation
omitted), cert. denied, 132 S. Ct. 1951 (2012). Evans argues that he had the requisite
understanding of time, place, and basic knowledge to stand trial; that the
psychological evaluation relied on by the court did not discuss prior evaluations of
Evans that disagreed with each other and with the court; and Dr. Nieberding, on
whose report the court relied in determining Evans was not competent to stand trial,
was not licensed to practice in the State of Missouri and was not an expert.

Though Evans argues that he was competent to stand trial, Dr. Nieberding's
report directly contradicted that claim, and Dr. Nieberding's report was the only
evidence introduced at Evans's competency hearing. Evans argues that Dr.
Nieberding's report should have considered prior evaluations of Evans; however, Dr.
Nieberding's report indicates that Nieberding considered several sources of
information in forming his recommendation about Evans including: discussions with
Evans's counsel, the record in the criminal case, Evans's medical and administrative
records from the Bureau of Prisons, behavioral observations, and interviews with
Evans, among others. Evans has not provided any evidence that these prior

-6-

evaluations exist or evidence indicating their content, nor has he offered any authority to support his argument that the district court clearly erred by accepting the psychologist's report because it did not consider all prior evaluations of the defendant. Though Evans takes issue with Dr. Nieberding's certification, Dr. Nieberding's report indicated that he is a licensed clinical psychologist, and Evans refers us to nothing that would call this statement into question.

Section 4241(c) requires that the hearing on competency be conducted pursuant to 18 U.S.C. § 4247(d). That provision states:

> At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A. The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

18 U.S.C. § 4247(d). The hearing held by the court complied with these requirements: Evans was represented at the competency hearing by a federal public defender; the court asked Evans whether he would like to present any evidence, and Evans, through his counsel, declined; and Evans was allowed to address the court personally. Evans has not shown that the court erred in crediting the report of Dr. Nieberding, particularly when that report was the only evidence before the court regarding Evans's competency.

Because Evans's only argument on appeal is that the hearing was inadequate, his appeal is without merit. To the extent that Evans argues his counsel was ineffective, "'[c]laims of ineffective assistance of counsel normally are raised for the first time in collateral proceedings under 28 U.S.C. § 2255'" rather than on direct

appeal.  <u>United States v. Dubray</u>, 727 F.2d 771, 772 (8th Cir. 1984) (per curiam) (citation omitted).

V.

For the foregoing reasons, we affirm.

_____