# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-3151
_____

Zach Hillesheim

*Plaintiff - Appellant*

v.

Holiday Stationstores, Inc.

*Defendant - Appellee*

_____

No. 17-3186
_____

Zach Hillesheim

*Plaintiff - Appellee*

v.

Holiday Stationstores, Inc.

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 12, 2018
Filed: September 10, 2018

_____

Before WOLLMAN, ARNOLD, and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

Zach Hillesheim sued Holiday Stationstores, Inc., for discrimination under the Americans with Disabilities Act and the Minnesota Human Rights Act because it failed to provide a compliant handicap-accessible parking space at one of its stores. After fixing the alleged defect, Holiday moved for summary judgment. The district court granted the motion and dismissed all of Hillesheim's claims. Because we conclude that the district court should have remanded most, if not all, of those claims to state court, we vacate the district court's judgment.

I.

Hillesheim, who uses a wheelchair for mobility, noticed during a visit to a Holiday store in Jordan, Minnesota, that the access aisle next to the handicap-accessible space in the parking lot was not flat. Rather than risk his safety, he decided not to enter the store.

Hillesheim sued Holiday in state court, alleging that it had discriminated against him under the Americans with Disabilities Act ("ADA") and the Minnesota Human Rights Act ("MHRA") by denying him full and equal access to a place of public accommodation. *See* 42 U.S.C. § 12182(a); Minn. Stat. § 363A.11. For the ADA claim, his prayer for relief requested only an injunction ordering Holiday to flatten the access aisle. Under the MHRA, Hillesheim included a matching request

-2-

for injunctive relief, as well as a demand for money damages for the discrimination he had allegedly suffered.

After Hillesheim filed his lawsuit in state court, two things changed. First, Holiday removed the case to federal court. The ADA claim presented a federal question, *see* 28 U.S.C. § 1331, and the district court exercised supplemental jurisdiction over the MHRA claims, *see id.* § 1367. Second, Holiday fixed the alleged defect by flattening the access aisle, first temporarily and later through remodeling the entire parking lot.

Once Holiday fixed the issue permanently, it filed for summary judgment. In support of its summary-judgment motion, Holiday attached an affidavit from its Vice President of Engineering, John Baregi, which stated that Holiday had leveled the access aisle during a renovation of its parking lot and that its intent was to comply with all accessibility requirements going forward. Accompanying Baregi's affidavit were photographs of the renovated parking lot, which displayed a flat access aisle next to the handicap-accessible space. This was the first time Holiday revealed that it had fixed the alleged problem, although photographs submitted by Hillesheim with his initial disclosures also depicted a fully flat access aisle.

The district court granted Holiday's motion for summary judgment. It dismissed Hillesheim's ADA claim because the renovations had mooted his request for injunctive relief. The court dealt with the MHRA claim differently. Instead of relying on mootness, the court applied an affirmative defense available under Minnesota law to "place[s] of public accommodation" that remove an "architectural barrier . . . in a manner that complies with accessibility requirements." Minn. Stat. § 363A.331, subdiv. 4. According to the court, the affirmative defense provided a complete shield from liability, both from damages and from injunctive relief.

In the course of granting summary judgment to Holiday, the district court refused to strike Baregi's affidavit, which Hillesheim thought Holiday should have disclosed long before it filed its motion for summary judgment. *See* Fed. R. Civ. P. 26(a)(1)(A) (requiring parties to initially disclose, among other things, "the name . . . of each individual likely to have discoverable information" and "a copy . . . of all documents . . . that the disclosing party . . . may use to support its claims or defenses"). Hillesheim appeals the denial of his motion to strike Baregi's affidavit and the dismissal of his case.

## II.

We begin with the parties' discovery dispute. Hillesheim's position is that Holiday failed to comply with its initial-disclosure obligations under Rule 26 because it did not divulge either Baregi's name or the photographs in its possession until it filed its motion for summary judgment. According to Hillesheim, Holiday's tardy disclosure "fatally impacted [his] ability to challenge Holiday's mootness defense." The district court, for its part, assumed that Holiday violated Rule 26 but concluded that he suffered no harm from the violation. The district court did not abuse its discretion in reaching this conclusion. *See Firefighters' Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 902–03 (8th Cir. 1998) (applying a particularly deferential abuse-of-discretion standard); *see also* Fed. R. Civ. P. 37(c)(1) (explaining that if a failure to disclose is harmless, no sanction is required).

Holiday's failure to disclose, even assuming that it violated Rule 26, was harmless. Hillesheim was aware, or at a minimum should have been aware, of Holiday's renovations to the parking lot because the photographs *he* initially disclosed under Rule 26 depicted a flat access aisle. Given this fact, Hillesheim could not have been surprised that Holiday would eventually argue that his claim for injunctive relief had become moot. Receiving photographs earlier in the litigation

that were similar to his own would not have, using his words, "impacted [his] ability to challenge Holiday's mootness defense."

Hillesheim's assertion of prejudice also overlooks a legal flaw in his argument. It was not Holiday's late disclosure that "impacted" his ability to counter Holiday's summary-judgment motion, but rather it was the fact that Holiday's renovations actually rendered his demand for injunctive relief moot. In fact, even when Hillesheim had an opportunity to mitigate the alleged difficulties created by Holiday's late disclosure—by moving for a continuance or attempting to depose Baregi—he did nothing, which casts doubt on his position that timely disclosure would have made a difference. Under these circumstances, the district court did not abuse its discretion when it denied Hillesheim's motion to strike Baregi's affidavit.

III.

We now turn to the jurisdictional issues that are the central focus of this case. Starting with the ADA claim, Hillesheim speculates that the access aisle may not in fact be entirely flat and that Holiday's illegal conduct may recur at some point in the future. Either of these facts, if true, would mean that Hillesheim's request for injunctive relief is not actually moot. The district court rejected both arguments, however, and so do we.

Under Article III of the United States Constitution, federal courts may hear only actual cases or controversies. "'[W]hen the issues presented are no longer live or the parties lack a cognizable interest in the outcome,' a case or controversy under Article III no longer exists because the litigation has become moot." *Brazil v. Ark. Dep't of Human Servs.*, 892 F.3d 957, 959 (8th Cir. 2018) (alteration in original) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). Generally, a claim is moot when "changed circumstances already provide the requested relief and eliminate

the need for court action." *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004).

Holiday's theory at summary judgment was that circumstances changed and injunctive relief became unnecessary once it permanently flattened the access aisle. It backed up its theory with evidence. Baregi's affidavit and Holiday's photographs clearly establish that the store's access aisle is flat, not sloped, fully complying with the ADA Guidelines that Hillesheim seeks to have the district court enforce against Holiday.[1] *See* 42 U.S.C. § 12182(a); *see also* ADA Accessibility Guidelines 502.4. The curb ramp no longer projects into the access aisle, which is what created the slope in the first place. Hillesheim's suggestion that the access aisle might still have an improper slope that is not visible in the photographs is nothing more than empty speculation. *McCarthy*, 359 F.3d at 1036 ("A speculative possibility is not a basis for retaining jurisdiction over a moot case.").

To be sure, voluntary cessation of a challenged practice does not necessarily moot a case. But "[a] case [may] become moot if subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citation omitted). Making "structural changes such as [installing] ramps, pull and grab bars, and chair lifts" is the type of action that makes it absolutely clear that a defendant will be not be able "to resume [its] allegedly illegal conduct." *Hickman v. Missouri*, 144 F.3d 1141, 1144 (8th Cir. 1998) (first quoting

---

[1]Hillesheim asserts, for the first time on appeal, that the district court should have required Holiday to demonstrate that its handicap-accessible parking space complies with all ADA requirements and guidelines, not just those he raised below. We decline to consider new allegations of noncompliance that he has never presented to the district court. *See Stafford v. Ford Motor Co.*, 790 F.2d 702, 706 (8th Cir. 1986).

*Preiser v. Newkirk*, 422 U.S. 395, 402 (1975); and then quoting *Allen v. Likins*, 517 F.2d 532, 535 (8th Cir. 1975)).

The changes made by Holiday were structural, comparable to the ramps, pull and grab bars, and chair lifts installed in *Hickman*. In addition to temporarily leveling the access aisle after Hillesheim filed his lawsuit, Holiday fully renovated its parking lot, resulting in the removal of the entire curb ramp and leveling the space beneath it. There is no reason to believe that Holiday spent considerable time and money to renovate its parking lot only to change it back once this litigation is over. Holiday's changes, in other words, went far beyond "a mere voluntary cessation of alleged illegal conduct." *Id.* (citation omitted).

The district court was therefore right to conclude that Hillesheim's ADA claim is moot, but perhaps counterintuitively, it was wrong to dismiss the claim. When a federal court lacks subject-matter jurisdiction over a removed claim, it "*must* remand [it] to . . . state court" even if, as is true here, the removed claim is one arising under federal, not state, law. *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014); *see also Hughes v. City of Cedar Rapids*, 840 F.3d 987, 993 (8th Cir. 2016) (remanding federal constitutional claims to state court and explaining that courts must evaluate whether to remand on a claim-by-claim basis). Accordingly, we vacate the district court's judgment dismissing Hillesheim's ADA claim and instruct the court on remand to return it to state court.

IV.

The other focus of Hillesheim's appeal is the district court's dismissal of his MHRA claims, one seeking injunctive relief and the other money damages.[2] The

_____

[2]In its cross-appeal, Holiday argues that the district court should have dismissed Hillesheim's MHRA claims for another reason: he did not provide pre-suit

injunction Hillesheim requests is the same as what he asks for under the ADA, so it no more presents a live controversy than his ADA claim does. *Cf. St. Martin v. City of St. Paul*, 680 F.3d 1027, 1034 (8th Cir. 2012) ("Analysis of a[n] ADA claim applies equally to a[n] MHRA claim."); *Loye v. Cty. of Dakota*, 625 F.3d 494, 496 n.2 (8th Cir. 2010) ("In general, the ADA and the MHRA are . . . construed the same."). We therefore vacate the district court's judgment on this claim and instruct the court on remand to return it, like the ADA claim, to state court. *See* 28 U.S.C. § 1447(c); *Hughes*, 840 F.3d at 993.

Hillesheim's request for damages, on the other hand, is not moot. "Traditional money damages are payable to compensate for the harm of past conduct"—here, the alleged lack of access when Hillesheim visited the store—and remain live regardless of "whether future harm is threatened." *Friends of the Earth*, 528 U.S. at 211 n.5 (Scalia, J., dissenting). Accordingly, the district court has subject-matter jurisdiction over Hillesheim's claim for money damages, which will continue to present a live controversy "until it is settled, judicially resolved, or barred by a statute of limitations." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 77 (2013); *see also Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) (explaining that standing is evaluated separately for "each claim [a plaintiff] seeks to press and for each form of relief that is sought" (citation omitted)).

---

notice that Holiday had "violated [an] accessibility requirement[]." Minn. Stat. § 363A.331, subdiv. 2. However convincing Holiday's pre-suit-notice defense might be, we have no jurisdiction to consider it because Holiday prevailed below and is therefore not entitled to file a cross-appeal. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980) ("A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it."). Besides, even if we were to construe Holiday's cross-appeal as just a request to affirm on a different ground, we still would not reach the pre-suit-notice defense in light of the antecedent jurisdictional questions presented.

But we are uncertain whether the district court—now knowing that it needs to remand both Hillesheim's federal claim and his MHRA claim requesting an injunction to state court—would still decide to exercise supplemental jurisdiction over Hillesheim's MHRA claim seeking money damages. *See* 28 U.S.C. § 1367(c)(3). Under section 1367(c), when a "district court has dismissed all claims over which it has original jurisdiction," it may decline to exercise supplemental jurisdiction over any remaining claims. Now that only a single state-law claim remains, the district court can decide whether it wishes to exercise its discretion in the same way. *See generally Brown v. Mortg. Elec. Registration Sys., Inc.*, 738 F.3d 926, 933 (8th Cir. 2013) ("In exercising its discretion, the district court should consider factors such as judicial economy, convenience, fairness, and comity.").

V.

Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion.

_____