United States Court of Appeals

For the Eighth Circuit

_____

No. 19-2569
_____

Stansel Alexander Prowse

*Plaintiff - Appellant*

v.

Dexter Payne, Director, Arkansas Department of Correction; Rory Griffin, Deputy
Director of Health and Corr. Programs, ADC; Bob Parker, Deputy Director of
Mental Health & Corr. Programs, ADC

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff
_____

Submitted: September 23, 2020
Filed: January 8, 2021
_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.
_____

KELLY, Circuit Judge.

Stansel Alexander Prowse is an inmate in the custody of the Arkansas
Department of Corrections (ADC). She filed a pro se 42 U.S.C. § 1983 lawsuit
claiming that ADC had denied her hormone therapy to treat her diagnosed gender

dysphoria,[1] in violation of her constitutional rights. Prowse named Wendy Kelley, Rory Griffin, and Robert Parker—prison administrators and members of ADC's Gender Dysphoria Management and Treatment Committee (collectively, the prison administrators)—as defendants. The district court[2] dismissed Prowse's amended complaint with prejudice for failure to state a claim. She appealed. During oral argument, the parties informed this court—for the first time—that Prowse was in fact already receiving hormone therapy and had been for several months. As a result, we ordered supplemental briefing on whether the case is moot. After considering the parties' supplemental filings, we are persuaded that Prowse's request for injunctive relief in the form of hormone therapy is moot.[3]

## A.

Article III of the United States Constitution provides that federal courts may adjudicate only "[c]ases" and "[c]ontroversies." U.S. Const. art. III, § 2. A case becomes moot, and is therefore no longer a case or controversy, "when the issues presented are no longer live or the parties lack a legally cognizable interest in the

---

[1]Gender dysphoria is "[a] marked incongruence between one's experienced/expressed gender and assigned gender, of at least 6 months' duration, as manifested by at least two of the [enumerated criteria]." AM. PSYCH. ASS'N, Diagnostic and Statistical Manual of Mental Disorders 452 (5th ed. 2013).

[2]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

[3]Even if we assume Prowse has adequately pleaded a request for nominal damages arising from this claim, in addition to her request for injunctive relief, such a request cannot overcome mootness because she sued the prison administrators only in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) (explaining that Eleventh Amendment sovereign immunity protects government officials who are sued only in their official capacities from claims for monetary damages).

outcome." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam)). We have previously held that a case becomes moot "when changed circumstances already provide the requested relief and eliminate the need for court action." Hillesheim v. Holiday Stationstores, Inc., 903 F.3d 786, 791 (8th Cir. 2018) (cleaned up). This is one such case.

With their supplemental brief, the prison administrators submitted an affidavit from defendant Robert Parker, ADC's Mental Health Services administrator and member of the Gender Dysphoria Management and Treatment Committee.[4] According to the affidavit, the committee approved Prowse's request for hormone therapy on May 21, 2020, after a prison psychiatrist and physician "determined that hormone therapy was clinically recommended for Ms. Prowse." Parker further avers that Prowse has received hormone therapy "continuously" since then and "will continue to receive hormone therapy so long as her treating medical professionals determine that hormone therapy is clinically indicated or recommended." Prowse does not dispute that she has regularly received hormone therapy since May 2020.

Of course, a defendant cannot always moot a case simply by voluntarily ceasing its unlawful conduct after the plaintiff files suit. See Nike, 568 U.S. at 91 (citing City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982)); Hillesheim, 903 F.3d at 791 ("[V]oluntary cessation of a challenged practice does not necessarily moot a case."). "Otherwise, a defendant could engage in unlawful

---

[4]The prison administrators moved to supplement the record with Parker's affidavit to address mootness. Prowse responded to that motion and submitted her own declaration. The prison administrators view Prowse's response brief and accompanying declaration as "seeking to interject unrelated and potentially unexhausted claims into this litigation" and moved to strike them. We grant the prison administrators' motion to supplement but deny its motion to strike. We will consider the parties' supplemental materials solely for the purpose of deciding mootness.

conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." Nike, 568 U.S. at 91. Yet, "[a] case might become moot if subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) (quoting United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203 (1968)).

We recognize Prowse's understandable concern that a ruling that her claim is moot might result in prison administrators ceasing to provide her with hormone therapy. But the fact that Prowse is currently receiving hormone therapy renders moot her claim that ADC has a blanket policy of denying hormone therapy to inmates diagnosed with gender dysphoria. And, although it is a closer call, to the extent Prowse argues prison administrators will deny her hormone therapy (without reviving the alleged blanket policy of denial), we find Parker's uncontested affidavit establishes that it is unreasonable to expect prison administrators would deny her "clinically indicated" hormone therapy in the future. A defendant "faces a heavy burden" to establish mootness by way of voluntary cessation, Ctr. for Special Needs Tr. Admin., Inc. v. Olson, 676 F.3d 688, 697 (8th Cir. 2012), but the standard is slightly less onerous when it is the government that has voluntarily ceased the challenged conduct. See Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1267 (11th Cir. 2020) (explaining that "governmental entities and officials have considerably more leeway than private parties in the presumption that they are unlikely to resume illegal activities" (quoting Flanigan's Enters., Inc. of Ga. v. City of Sandy Springs, Ga., 868 F.3d 1248, 1256 (11th Cir. 2017) (en banc)); Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla., 382 F.3d 1276, 1283 (11th Cir. 2004) (collecting cases supporting the proposition that "[w]hen government laws or policies have been challenged, the Supreme Court has held almost uniformly that cessation of the challenged behavior moots the suit"). Parker has expressly stated that Prowse "will continue to receive hormone therapy so long as her treating medical

professionals determine that hormone therapy is clinically indicated or recommended for her." Under these circumstances, the prison administrators have established that the unconstitutional conduct Prowse alleges "could not reasonably be expected to recur." Friends of the Earth, 528 U.S. at 189. Her claim for injunctive relief in the form of hormone therapy is therefore moot.

B.

In her supplemental brief, Prowse raises new arguments that the case is not moot because prison officials have failed to provide her with adequate medical monitoring of her gender transition, for example, by neglecting to treat the unpleasant side effects of hormone therapy treatment or to provide ancillary mental health treatment. She also asserts that she is being kept in solitary confinement without valid reason. We make no judgment on these claims except to say that Prowse did not raise them in her complaint and that they appear to stem at least in part from the administration, rather than the denial, of hormone therapy. Though these factual allegations may form the basis of another lawsuit, they are not properly before the court in this one and do not overcome mootness. See Gallagher v. City of Clayton, 699 F.3d 1013, 1022 (8th Cir. 2012) (explaining that a complaint cannot "be amended by the briefs on appeal" (quoting Thomason v. Nachtrieb, 888 F.2d 1202, 1205 (7th Cir. 1989)).

C.

Finally, Prowse included in her request for relief state-issued women's clothing and personal hygiene products made available to female prisoners. Because she failed to meaningfully brief this issue on appeal, however, we do not consider it. See United States v. Roberts, 881 F.3d 1049, 1053 (8th Cir. 2018) (declining to consider an argument "not develop[ed]" on appeal). As to her equal protection claim rooted in allegations of harassment, even liberally construing Prowse's pro se filings, we

find this claim was not stated in her original or amended complaint and thus is not properly before us on appeal.  See  Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976) (explaining that pro se plaintiffs "are held to a lesser pleading standard than other parties")).

      We vacate the district court's judgment on the hormone therapy claim and remand with instructions to dismiss it as moot.  We affirm the dismissal of the remaining claims.

_____