# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1558
_____

United States of America

*Plaintiff - Appellee*

v.

Samuel Peter McElmeel

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: December 18, 2025
Filed: March 9, 2026

_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

_____

KELLY, Circuit Judge.

Samuel McElmeel was indicted on two counts of Interstate Transmission of a Threat under 18 U.S.C. § 875(c). The district court[1] later found McElmeel was not

---

[1] The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa, adopting the report and recommendations of the Honorable Stephen B. Jackson, Jr., Chief Magistrate Judge for the Southern District of Iowa.

competent to stand trial, and McElmeel appeals that finding. Because the district court has since found McElmeel is competent, this appeal is moot.

## I.

McElmeel was indicted on December 5, 2023. In July 2024, the district court ordered him to undergo a mental health evaluation. After a competency hearing in January 2025, and over McElmeel's objections, the district court found McElmeel incompetent to stand trial and ordered him committed to the custody of the Attorney General for hospitalization and treatment for restoration of competency pursuant to 18 U.S.C. § 4241(d). McElmeel promptly appealed.

In October 2025, while this appeal was pending, the Warden at the Federal Medical Center notified the district court that McElmeel's forensic evaluation was complete and attached a report from a forensic psychologist opining that McElmeel was "presently able to understand the nature and consequences of the proceedings against him and to assist properly in his defense."

After a second competency hearing in November 2025, the district court found McElmeel competent and set the case for trial. Given the change in circumstances, we ordered supplemental briefing on whether McElmeel's appeal is now moot. The Government argues the appeal is moot, while McElmeel maintains it is not.

## II.

"A case becomes moot . . . 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.' We have previously held that a case becomes moot 'when changed circumstances already provide the requested relief and eliminate the need for court action.'" Prowse v. Payne, 984 F.3d 700, 702 (8th Cir. 2021) (first quoting Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013); and then quoting Hillesheim v. Holiday Stationstores, Inc., 903 F.3d 786,

791 (8th Cir. 2018)). Here, the district court's order finding McElmeel competent provided the requested relief and eliminated the need for further court action.

McElmeel argues otherwise, asserting that the district court's initial incompetency determination has the potential to harm his "legal interests and ability at future proceedings," which we understand to mean future competency proceedings. But a defendant may be found not competent to stand trial only if, after a hearing, "the court finds by a preponderance of the evidence that the defendant is *presently* suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[.]" 18 U.S.C. § 4241(d) (emphasis added). McElmeel has not explained how a prior determination of incompetency would upend this statutory mandate at a future proceeding. Indeed, we have expressly said that "it is incumbent on the district court to base its competency determination on the defendant's *current* state of mind to the extent it is ascertainable from the information available," because "[a] defendant's competency is not static and may change over even a short period of time." United States v. Ghane, 593 F.3d 775, 779–80 (8th Cir. 2010) (emphasis added) (first citing United States v. Jimenez-Villasenor, 270 F.3d 554, 559 (8th Cir. 2001); and then citing Lyons v. Luebbers, 403 F.3d 585, 593 (8th Cir. 2005)).

McElmeel relies heavily on United States v. Evans, 690 F.3d 940 (8th Cir. 2012), to support his assertion that he maintains a legally cognizable interest in the outcome of this appeal. As McElmeel points out, "the burden of proof changes" after an incompetency finding insofar as a defendant will ordinarily "only be allowed to be discharged and to proceed to trial if the court finds 'by a preponderance of the evidence that'" the defendant's competency is restored. Id. at 943 (first citing 18 U.S.C. § 4241(d); and then quoting 18 U.S.C. § 4241(e)). But here, the district court has already found McElmeel's competency is restored—a determination that no one challenges. McElmeel, unlike the defendant in Evans, is no longer subject to the altered burden of proof in § 4241(e). See id. at 941–43.

Finally, McElmeel argues that stigma, damage to his reputation, and a "potential impact on [his] . . . right to bear arms" are collateral consequences that qualify as legally cognizable interests. But these harms are speculative and untethered to the asserted error in the district court's finding that McElmeel was not competent to stand trial. As to stigma and reputational damage, the documents related to the court's competency finding remain under seal, and McElmeel identifies no harm that is both traceable to these records and redressable by this Court. As to his right to possess a firearm, he does not explain how a prior competency determination would impact—at some future time, under unknown circumstances—that right. In this posture and on this record, we conclude that McElmeel "lack[s] a legally cognizable interest in the outcome" of the issue appealed. See Prowse, 984 F.3d at 702 (citing Already, LLC, 568 U.S. at 91).

III.

The appeal is dismissed.[2]

_____

_____

[2]After the supplemental briefs were submitted, McElmeel filed two motions to proceed pro se, indicating an intent to repeat the arguments made by his counsel. We deny the motions.